**Thomas M. McDERMOTT, Individually and as the Mayor of the City of Hammond; The City of Hammond, Indiana, a municipal corporation; The Hammond Board of Parks and Recreation; and E. William Irby, Ray Kenda, Matt Przybyl and Juan Magana, individually and as Members of the Hammond Board of Parks and Recreation, Appellants (Defendants Below),**

v.

**Michael BICANIC, Appellee (Plaintiff Below).**

**No. 45A03–8904–CV–00168.**

Court of Appeals of Indiana, Third District.

Feb. 13, 1990.

Rehearing Denied March 27, 1990.

William J. Moran, Highland, and Joseph O'Connor, Hammond, for appellants.

David E. Mears, Highland, and Michael C. Adley, Hammond, for appellee.

HOFFMAN, Judge.

Appellants Thomas McDermott, William Irby, Ray Kenda and the City of Hammond appeal a jury trial judgment in favor of Michael Bicanic. Bicanic filed § 1983 actions in state and federal courts claiming that he was fired for political reasons as Hammond's Administrator of Parks and Recreation in violation of his First Amendment rights.

In state court, appellants' motion for summary judgment was denied on December 31, 1986. On January 28, 1988, a jury verdict awarded Bicanic $75,000.00 in compensatory damages; $3,000.00 in punitive damages from Thomas McDermott; and $1,500.00 in punitive damages from William Irby and Ray Kenda. On May 6, 1988 the jury verdict was vacated because Bicanic did not file a notice of tort claim with the City of Hammond. On June 22, 1988, *Felder v. Casey* (1988), 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 held that states may not make notice-of-claim to a governmental

entity a condition of § 1983 suits. On January 24, 1989, the trial court reinstated the jury verdict.

In federal court, appellants' motion for summary judgment was granted on May 23, 1988. On January 31, 1988, the United States Court of Appeals, Seventh Circuit, affirmed the summary judgment. *Bicanic v. McDermott* (7th Cir.1989), 867 F.2d 391.

Appellants contend that the state trial court erred by failing to grant their motion for summary judgment. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavit and testimony, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Kolczynski v. Maxton Motors, Inc.* (1989), Ind.App., 538 N.E.2d 275, 276.

■ A non-policy making, non-confidential public employee cannot be fired upon the sole ground of political beliefs. A policy making or confidential employee can be fired on political ground without violating the First Amendment.

*Branti v. Finkel* (1980) 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574; *Elrod v. Burns* (1976) 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547.

The ultimate inquiry is not whether the label "policymaker" or "confidential" fits a particular position, rather, the question is whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved. *Branti v. Finkel, supra,* 445 U.S. at 518, 100 S.Ct. at 1294.

■ After his appointment as Administrator of Parks and Recreation in 1981, Bicanic organized and coordinated the park and recreation program for both the city and its school system. He prepared budgets. After interviewing candidates for employment, he recommended who should be hired. He negotiated and signed contracts for the construction of a new civic center and all other contracts and leases executed by the Parks and Recreation Commission, a five-member board with formal powers over these endeavors.

On November 4, 1982, the Hammond Parks and Recreation Commission took away Bicanic's administrative duties and responsibilities. In November 1983, Thomas McDermott defeated two-term incumbent Edward Raskosky in the Hammond mayor's race. McDermott fired Bicanic effective January 1, 1984.

Bicanic's deposition narrates a political struggle: Bicanic against his political opponents Irby and Kenda, who consolidated power on the Parks and Recreation Commission, took away duties Bicanic thought were rightfully his, and persuaded the incoming mayor to get rid of him. Bicanic's duties, their erosion, and the denouement were all political in nature. The First Amendment does not forbid such a sequence under the approach of *Elrod* and *Branti.* Those the people elect are entitled to employ others who hold their confidence; they must do so if they are to carry out the programs they promised to pursue. Bicanic wanted both to exercise discretionary powers of government and to be insulated from politics. Such an approach would put the First Amendment athwart the ability of the people to have their way through elections. *Bicanic v. McDermott, supra,* 867 F.2d at 393.

Bicanic's deprivation of policy making responsibility and subsequent firing did not violate his First Amendment rights as a matter of law. The state trial court erred in failing to grant appellants' motion for summary judgment.

Reversed and remanded to the trial court for entry of summary judgment.

STATON and BAKER, JJ., concur.