McKain *v.* Rigsby et al.

[No. 567S9. Filed May 23, 1968.]

*Roger L. Pardieck,* of Seymour, for appellant.

*Robert E. Schneider II, John P. Price,* of Indianapolis, *George H. Gossman,* of Seymour, of counsel, and *Hamill & Price,* of Indianapolis, for appellees.

LEWIS, C. J.—This is an appeal prosecuted by the appellant herein seeking reversal of an order entered by the Trial Court, which said order reads as follows:

"Come now the parties by their respective attorneys and a hearing on plaintiffs' motion for a temporary injunction and upon defendant's motion to set aside the temporary restraining order having heretofore been held by the Court and said matters taken under advisement and the Court being now advised finds that a temporary injunction should issue in this cause, enjoining the defendant, Marshall McKain, from operating the business formerly known as

Rigsby's Salvage Yard and now known as Mac's Auto Parts in any manner other than in the usual and customary manner of operating an automobile salvage and used parts business and further enjoining said defendant from conveying or encumbering any real estate or interest in real estate owned by him. That as to all other provisions the temporary restraining order, heretofore issued herein, should be set aside excepting that the undertaking heretofore filed should remain in full force and effect as plaintiffs' undertaking on the temporary injunction herein.

IT IS, THEREFORE, CONSIDERED, ORDERED AND DECREED by the Court that the defendant, Marshall McKain, is now and hereby enjoined from operating the business, formerly known as Rigsby's Salvage Yard and now known as Mac's Auto Parts, in any manner other than in the usual and customary manner of operating an automobile salvage yard and used parts business and said defendant is further enjoined from conveying or encumbering any real estate or interest in real estate owned by him.

The undertaking heretofore filed herein is continued in effect.

The defendant is ruled to answer plaintiffs' complaint on or before May 15, 1967.

Dated this 3rd day of May, 1967."

The appellees were owners and operators of an automobile salvage yard and used-parts business. The appellant bought this business from the appellees on a contract by which the purchaser agreed to make installment payments on the purchase price to the sellers until the entire purchase price was paid. The sellers made a covenant not to compete against the buyer in a similar business for a period of fifteen (15) years.

The sellers, after executing the contract, then entered into the automobile body-repair business near the vicinity of their former enterprise. A dispute arose between the buyer and sellers as to whether or not the sellers of the automobile salvage yard were now engaged in a similar business, under the guise of an automobile body-repairing shop, thereby breaching the covenant not to compete.

Believing the sellers had breached the contract, the buyer refused to make his final payment when due. Also, there is

evidence that he was financially unable to make this payment. Treating the buyer's refusal to make his last payment as a failure of performance, the sellers commenced their cause of action in the Jackson Circuit Court against the buyer for breach of contract, and such damages as they were entitled. It is important to note at this point that the sellers-appellees brought a suit for damages as a result of the alleged breach by the buyer-appellant.

The sellers of the automobile salvage yard did not cause any security interest to be created in themselves in the salvage yard save for a vendor's purchase-money lien which arises at law, and the buyer of the property executed a mortgage on the property to a third party after he acquired it. Also, the buyer, while operating the business, sold some of his other assets in order to make improvements on the property and to expand the inventory of the business. Some of the proceeds from the sale of these other assets were used to pay his general creditors as well. These transactions, however, do not form the basis of the sellers' complaints; but, instead, the buyer's manifest intentions to liquidate the business, as well as his other assets, in order to thwart the sellers in the collection of their judgment for damages are those which caused concern to the sellers. The evidence as to the buyer's intent to defraud his creditors is conflicting.

However, in order to be sure that there would be sufficient assets to pay the judgment, the sellers, in their initial complaint for breach of contract included a request for a restraining order and temporary injunction to keep the buyer from making any sales of his assets thereby preventing him from conveying any assets in defraud of his creditors. It is from the granting of this temporary injunction, which was modified by the Court to enable the buyer to make sales in the ordinary course of his business, that the appellant seeks relief.

Appellant assigns as error, in the granting of the temporary injunction, these two (2) points:

1. That this case is not a proper situation in which injunctive relief should be granted.
2. That there was insufficient evidence to support the relief granted.

Appellees rely upon Burns' Indiana Statutes, Anno., § 3-2102, [1968 Repl.] to support the granting of the injunction:

"When it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce great injury to the plaintiff; or, when, during the litigation, it appears that the defendant is doing, or threatens, or is about to do, or is procuring or suffering some act to be done, in violation of the plaintiff's rights, respecting the subject of the action, and tending to render the judgment ineffectual, or when such relief, or any part thereof, consists in restraining proceedings upon any final order or judgment, an injunction may be granted to restrain such act or proceedings, until the further order of the court, which may, afterwards, be modified upon motion. And when it appears in the complaint at the commencement of the action, or during the pendency thereof, by affidavit, that the defendant threatens, or is about to remove or dispose of his property, with intent to defraud his creditors, a temporary injunction may be granted, to restrain the removal or disposition of his property."

Appellees contend that the appellant was about to dispose of his property with the intent to defraud his creditors and that injunctive relief was available under the above-cited statute. Appellees support this contention with *Morey et al.* v. *Ball* (1883), 90 Ind. 450, which contains the following statement:

"It is next insisted that the court erred in granting and in refusing to dissolve the injunction, on the ground that a general creditor, before judgment, cannot enjoin his debtor from disposing of his property. This is the rule in the absence of a statute. High Injunctions, secs. 131, 326.

Our statute, however, provides, among other things, that 'where it appears in the complaint, at the commencement

of the action, or during the pendency thereof, by affidavit that the defendant threatens, or is about to remove, or dispose of his property, with intent to defraud his creditors, a temporary injunction may be granted to restrain the removal or disposition of his property.' 2 R.S. 1876, p. 93, section 137.

Under this statute, a creditor before judgment may restrain his debtor from disposing of his property. In such case, it must appear that such debtor threatens or is about to dispose of his property with intent to defraud his creditors. . . ."

The remedy of injunction is an extraordinary one which should be issued with great caution and only where the reason and necessity are clearly established. The granting of a temporary injunction rests in the sound discretion of the Trial Court and the decision will not be disturbed on appeal unless it is shown that the Trial Court's action was arbitrary or constituted clear abuse of discretion. *Ortman-Miller Machine Co.* v. *Miller, Crumpacker & Mercantile National Bank of Hammond* (1954), 233 Ind. 150, 117 N. E. 2d 558.

Also, it must be borne in mind that the equitable relief of injunction does not lie where there is an adequate remedy at law available to the seeker. *State ex rel. Indiana Alcoholic Beverage Commission* v. *Superior Court of Vanderburgh County et· al.* (1951), 229 Ind. 483, 99 N. E. 2d 247. However, the rule concerning the existence of other legal remedies is tempered by the following statements:

"It is not enough to defeat injunction that there is a remedy at law. It must be as plain, complete and adequate—or, in other words, as practical and efficient to the ends of justice and its prompt administration—as the remedy in equity. *Xenia Real Estate Co.* v. *Macy,* 147 Ind. 568, 572, 573; . . ." *Meyer et al.* v. *Town of Boonville, et al.* (1904), 162 Ind. 165, 70 N. E. 146.

"In determining the adequacy of legal remedies and the consequent superiority of equitable remedies, some force is given to the fact, if it exists, that the former are vexatiously inconvenient, or that a denial of the latter results in irritation, annoyance and embarras-

ment readily relieved by the application of such remedy. 10 R.C.L. 278; *Fitzmaurice* v. *Mosier* (1888), 116 Ind. 363, 16 N. E. 175, 19 N. E. 180, 9 Am. St. 854." *Haines* v. *True-blood* (1917), 67 Ind. App. 456, 119 N. E. 383.

These cases support the principle that a trial court has discretion as to whether or not to grant a temporary injunction even when there is a theoretical remedy at law and it is the duty of the Court to look at the remedy and measure its fullness and its adequacy as it applied in the case at bar. This general principle harmonizes with the other principles concerning the dispensation of equitable relief.

Appellant suggests that since there were other remedies at law available to the appellees, that this extraordinary remedy of injunction did not lie. He points to the alternative remedies of the appointment of a receiver, and a writ of attachment pursuant to Burns' Indiana Statutes, Anno., § 3-2601 and § 3-501 respectively, as well as a judgment for damages for breach of contract.

The remedy of appointing a receiver would not be one to prevent the issuance of this injunction for these two (2) reasons: First, it is not an alternative remedy at law.

' "The appointment of a receiver involves the exercise of an extraordinary equitable power which will not be exerted where there is a full and adequate remedy at law. *Robbins* v. *Reed* (1910), 174 Ind. 291, 293, 91 N. E. 921" *Mannos* v. *Bishop-Babcock-Becker Co.* (1914), 181 Ind. 343, 347, 104 N. E. 579.' *Meacham, et al.* v. *Sanders, et al.* (1954), 233 Ind. 182, 118 N. E. 2d 126.

Secondly, the appointment of a receiver is not proper here because the appellee wanted to prevent the conveyance of any of appellant's assets, not just the property over which he had a lien.

"As to the second question, it is enough to say that the courts of this state do not have jurisdiction to appoint a

receiver for the property of an individual owner, and seize possession of it, upon mere allegations that he is indebted for borrowed money, and that he is so conducting himself as to be in danger of insolvency, without any showing that the plaintiff has a lien of any kind upon such property, created by contract, attachment, levy or otherwise. No such right existed at common law, and the statutory provision which makes threatened insolvency of a corporation cause for the appointment of a receiver . . . does not apply to individuals alleged to be indebted beyond their ability to pay." *State, ex rel.* v. *Superior Court of Marion County et al.* (1924), 195 Ind. 174, 144 N. E. 747. See also: *State ex rel. Busick et al.* v. *Ewing, Judge, et al.* (1951), 230 Ind. 188, 102 N. E. 2d 370.

Under the authority of the foregoing cases it is apparent that the remedy of temporary injunction is much more benign than the remedy of the appointment of a receiver. The Court would have been without authority to appoint a receiver for the whole of appellant's property and certainly appellant is not damaged by the temporary injunction as he well might have been by the appointment of a receiver.

Moving to the remedy of writ of attachment, we are constrained to agree with the Trial Judge in his decision against denying the injunction because of the existence of this remedy. Attachment requires an actual taking of possession of the goods in question by the party seeking the remedy. This would have disabled appellant from operating his business and prevented him from deriving income, thereby impairing his economic situation. Appellees only brought suit for damages, they didn't want the property in question returned, nor did they wish to impair appellant's financial status. Indeed, appellees wanted to enhance the appellant's ability to withstand the rendering of the judgment. the injunction to issue because the writ of attachment, under these facts, was not an *adequate* remedy at law.

Appellant next states that since appellees could recover damages as a result of the suit on the contract, an injunction

was unnecessary. We only need to refer back to the statute under which the injunction was issued to reconcile this agreement. The injunction issues when the defendant has shown that he was about to dispose of his property to defraud his creditors. After such a conveyance, a judgment for damages would hardly be sufficient compensation. Therefore, the issuance of the injunction was a proper ancillary act to the suit for damages.

As his last argument against an injunction being the proper form of relief in this case, appellant states that since appellees sold the property to the appellant, they have an insufficient interest remaining to seek the protection of the remedy of injunction. The remedy of injunction lies to protect both civil and property rights. *State ex rel. Harris et al.* v. *Superior Court of Marion County et al.* (1964), 245 Ind. 339, 197 N. E. 2d 634. Where the plaintiff is suing for damages for breach of contract, and the defendant has shown that he intends to make fraudulent conveyances to avoid the judgment, and there are no other adequate remedies at law, the remedy of injunction is proper to protect the plaintiff's judgment from being rendered ineffective. Burns', § 3-2102, *supra*, is intended to apply to this particular situation.

We now consider appellant's second major objection to the issuance of this injunction; that being, that there was insufficient evidence to support the allegations made by the appellees. The evidence is conflicting. The appellee, Robert Rigsby, testified that appellant told appellees he was going to liquidate the business. Appellant also told them that he couldn't raise the money due under the contract. While not denying that he was financially pressed, appellant maintains that he was not going to liquidate the business and that he was continuing to operate it in a normal manner. There was corroborating testimony to this as well.

In *McGoldrick et al.* v. *Slevin et al.* (1873), 43 Ind. 522, the creditors of an individual who was operating a business as a

sole proprietorship became concerned that the debtor was going to liquidate the assets and flee with the proceeds. They brought an action for an injunction under a statute very similar to the one relied upon by the appellees. The Court refused to grant the injunction because the creditors couldn't sufficiently prove the debtor's intent to liquidate the assets. However, this Court made the following statement:

". . . But injunctions are granted to restrain the commission of acts threatened or anticipated, injurious to the plaintiff, pending the litigation, and not where the act complained of has been consummated either before or after the action is commenced, and before judgment. . . ."

We conclude since the appellant had told the appellees that he was going to liquidate the business, and that since the appellees knew that the appellant was in financial difficulties and was unable to make his last installment payment when due under the contract, that the appellees were justified in seeking, and the Trial Court was justified in issuing, the temporary injunction in question.

This Court held in *The Ind. Annual Conf. Corp. et al.* v. *Lemon, etc.* (1956), 235 Ind. 163, 131 N. E. 2d 780, as follows:

"In our determination of whether or not the trial court committed any error in granting the temporary injunction in this case, the appellee (the plaintiff below) need only show a prima facie case for an injunction and that injury to him would be certain and irreparable if the application be denied and that injury to the defendant below if the temporary injunction be granted, may be adequately indemnified by bond. It is not necessary that a case should be made that would entitle the plaintiff to relief in all events. . . ."

The order of the Trial Court granting a temporary injunction in this case is affirmed, and this cause is remanded with directions for further proceedings consistent with this opinion.

Arterburn, Hunter, and Jackson, JJ., concur; Mote, J., not participating.

NOTE.—Reported in 237 N. E. 2d Page 99.