STATE of Indiana On The Relation of David A. HIGBIE and Patricia A. Higbie, Relators,

v.

PORTER CIRCUIT COURT and Honorable Raymond D. Kickbush, Judge Thereof, Respondents.

No. 781S194.

Supreme Court of Indiana.

Dec. 8, 1981.

Stephen H. Meyer, Jeffery J. Dywan, Jane Hillebrand, Schererville, for relators.

Linley E. Pearson, Atty. Gen., Eric M. Cavanaugh, Deputy Atty. Gen., Indianapolis, for respondents.

DeBRULER, Justice.

Relators are judgment creditors of attorney William Hiller and accountant Richard Beach. They sought to satisfy their judgment through levy of execution against assets of Hiller and Beach, but were prevented from doing so by the judgment of the respondent trial court entered April 15, 1980, resulting from a suit by the Indiana Securities Commissioner predicated on the sale by Hiller and Beach of bogus securities and permanently enjoining Hiller and Beach from selling securities and appointing and charging a conservator or receiver "for Defendants William E. Hiller and Richard L. Beach, individually and as partners of the 'G' Company, and the 'G' Company, and its successors and assigns, to protect and preserve the assets of said business; and to restrain Defendants William E. Hiller and Richard L. Beach, individually and as partners of the 'G' Company, and the 'G' Company, and its agents and employees without notice of the dissipating, wasting, transferring or otherwise disposing of their assets absent the consent of such conservator or receiver or as a result of an appropriate order to this court following a hearing to that end."

From April 15, 1980, to March 23, 1981, when relators sought access in the respondent court to assets of Hiller and Beach upon which they might levy execution, respondent court, in proceedings between the receiver and Hiller and Beach, engaged in sorting out the business assets of Hiller and Beach from their other assets, and freeing those other assets from the control of the receiver. The trial court denied relators this access, and they have brought this original action contending that the trial court had no jurisdiction to appoint a receiver for assets of the individuals, Hiller and Beach, because there is no lien upon such assets in favor of the party applying for the receivership namely the Commissioner as required by the common law. *McKain v. Rigsby*, (1968) 250 Ind. 438, 237 N.E.2d 99; *State v. The Union National Bank of Muncie, Indiana et al.*, (1896) 145 Ind. 537, 44 N.E. 585.

Respondent answers that it has jurisdiction pursuant to the Indiana statute regulating the securities industry. This Court agrees. That statute provides in pertinent part:

"(a) Whenever it appears to the commissioner that any person has engaged or is about to engage in any act or practice constituting a violation of any provision of this chapter or any rule or order, the commissioner may investigate and may issue such orders and notices as he may deem to be in the public interest including such orders and notices as are commonly known as cease and desist orders and notices. *In addition to all other remedies, he may bring action in the name and on behalf of the state of Indiana against that person and any other person participating in or about to participate in a violation of this chapter, to enjoin that person from continuing or doing any act furthering a violation of this chapter and may obtain the appointment of a receiver or conservator* .... In the action, *the circuit or superior courts shall have jurisdiction of the subject matter. The court may not require the commissioner to post a bond.*" (Emphasis added.)

We also note that Ind.Code § 23–2–1–1, of the same act provides:

"(h) 'Person' means an individual, a corporation, a partnership, an association, a joint-stock company, a trust where the interests of the beneficiaries are evidenced by a security, an unincorporated organization, a government, or a political subdivision of a government."

In these provisions the statute clearly contemplates that a specially empowered government agency, not a creditor, may procure the appointment of a receiver. It also clearly contemplates the appointment of a receiver where only a single individual has participated in a violation of the securities regulations. Once it is made to appear to the court, and the court determines that unlawful conduct of an individual has taken place, the court has the power to take the radical step of appointing a receiver. This determination in the case of Hiller and

Beach involved the sale of securities in violation of regulations governing their business. It serves much the same legal function as the determination of a lien or interest in property when a receiver is sought for property of an individual by a creditor. It established the interest of the State and individual investors in the property of Hiller and Beach having a nexus with their business conduct, and the necessity for the receiver.

To construe this statutory scheme to permit a receiver to be appointed only after a lien upon specific property has been established would render it ineffective to further the ends sought, namely, that the assets in controversy of the violator be successfully seized and preserved in order that justice be done between the violator and the investor, and that public confidence be maintained in the effectiveness of the government regulation of the securities industry.

The permanent writ, like the temporary one, is denied.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.