T.H. LANDFILL COMPANY, INC. and Miami Holdings, L.P., Appellants–Defendants,

v.

MIAMI COUNTY SOLID WASTE DISTRICT and Board of Commissioners of the County of Miami, Appellees–Plaintiffs.

No. 27A05–9303–CV–93.

Court of Appeals of Indiana, Fifth District.

Feb. 9, 1994.

Ronald J. Waicukauski, Cynthia L. Wodock, White & Raub, Indianapolis, for appellants-defendants.

Michael J. Lewinski, Bette J. Dodd, Ice Miller Donadio & Ryan, Indianapolis, for appellees-plaintiffs.

RUCKER, Judge.

When a dispute arose between the owners of a solid waste landfill and County regulators over the payment of certain disposal fees, the County filed a motion for preliminary injunction seeking to prohibit the owners from accepting any additional waste at the landfill until the fees were paid. The trial court granted the motion and the owners of the landfill now appeal arguing the trial court erred in so doing. We agree and therefore reverse.

In August, 1990, as part of its long-term plan to reduce quantities of solid waste, the Miami County Solid Waste District and Board of Commissioners of the County of Miami (hereinafter collectively referred to as "the Board") established a Solid Waste Planning Fee to be assessed on each cubic yard of solid waste received at a final disposal facility. The Board exempted from the fee

any solid waste received pursuant to certain pre-existing contracts.

T.H. Landfill Company, Inc., and Miami Holdings, L.P. (hereinafter referred to as "Owners") operate a solid waste landfill in Miami County which processes waste subject to the disposal fee. Since the imposition of the fee, Owners have remitted fees on all waste which Owners determined to be non-exempt. However, Owners paid no fees on allegedly exempt waste received pursuant to pre-existing contracts.

On September 23, 1992, the Board filed suit against Owners alleging that because the pre-existing contracts had not been filed with the Board the exemption was not applicable and thus Owners were liable to the Board for disposal fees of approximately $300,000.00. Owners answered the complaint, and the Board thereafter filed an Amended Complaint alleging that Owners had not only failed to pay the disposal fees but also failed to file monthly fee collection reports. The complaint requested judgment in the amount of the unpaid fees and requested a preliminary injunction prohibiting operation of the landfill until final resolution of the dispute.

After a hearing, the trial court granted the injunction requiring Owners to cease operating the landfill unless they: (1) filed the required monthly reports, (2) posted a bond in the amount of $300,000.00 to cover the disposal fees allegedly due the Board, and (3) paid disposal fees to the Board for each month the landfill was in operation. Owners subsequently filed this interlocutory appeal pursuant to Ind.Appellate Rule 4(B)(3).

■ The grant or denial of a preliminary injunction rests within the equitable discretion of the trial court and will be reversed only upon a showing of abuse of discretion. *Hacienda Mexican Restaurant v. Hacienda Franchise Group, Inc.* (1991), Ind.App., 569 N.E.2d 661, *trans. denied.* Nevertheless, the power to issue the injunction should be used sparingly, and such relief should not be granted except in rare instances in which the law and facts are clearly within the moving party's favor. *Wells v. Auberry* (1982), Ind.App., 429 N.E.2d 679.

■ The trial court's discretion to grant or deny preliminary injunctive relief is measured by several factors: (1) whether the plaintiff's remedies at law are inadequate thus causing irreparable harm pending the resolution of the substantive action if the injunction does not issue; 2) whether the plaintiff has demonstrated at least a reasonable likelihood of success at trial by establishing a *prima facie* case; 3) whether the threatened injury to the plaintiff outweighs the threatened harm the grant of the injunction may inflict on the defendant; and 4) whether, by the grant of the preliminary injunction, the public interest would be disserved. *Indiana State Dept. of Welfare v. Stagner* (1980), Ind.App., 410 N.E.2d 1348, 1353. The party seeking an injunction has the burden of showing, by a preponderance of the evidence, that the facts and circumstances entitle the party to injunctive relief. *Steenhoven v. College Life Ins. Co. of America* (1984), Ind.App., 458 N.E.2d 661, 668 n. 20, *reh'g denied,* 460 N.E.2d 973.

Owners contend the trial court erred in granting the injunction because the Board failed to establish the elements necessary to support injunctive relief. Specifically, Owners claim there is no evidence of irreparable harm or of a reasonable likelihood of success at trial. Further, Owners argue that granting the injunction was erroneous because the Board's claim involves mere economic injury. Because the latter contention is dispositive, we address it only.

■ The law is well settled that mere economic injury will not warrant the granting of a preliminary injunction. *Indiana State Bd. of Public Welfare v. Tioga Pines Living Center, Inc.* (1991), Ind.App., 575 N.E.2d 303, *trans. denied; Whiteco Industries, Inc. v. Nickolick* (1990), Ind.App., 549 N.E.2d 396; *Wells,* 429 N.E.2d at 684. This is so because the ability to obtain damages, in the form of a money judgment for an economic injury, represents an adequate remedy at law. *Tioga Pines,* 575 N.E.2d at 306–07.

■ In the case before us, the underlying thrust of the entire lawsuit involves the Board's attempt to collect approximately $300,000.00 in unpaid disposal fees. It is true the Board's amended complaint alleged

that in addition to not paying the disposal fees Owners failed to file certain monthly reports. However, at oral argument, the Board acknowledged that by the time of the injunction hearing all monthly reports had been filed. Thus, the only issue remaining was whether the Board was entitled to the disposal fees. This is clearly an economic issue for which a preliminary injunction may not be granted.

The Board counters that *McKain v. Rigsby* (1968), 250 Ind. 438, 237 N.E.2d 99 sets forth an exception to the general rule that mere economic injury will not support the grant of a preliminary injunction. According to the Board, the present case falls within that exception. We disagree. In *McKain,* our supreme court upheld an injunction pursuant to the provisions of Burns' Anno.Stat. § 3–2102 (1968 Repl.), recodified as Ind.Code § 34–1–10–2, which permits issuance of a temporary injunction to preserve the value of a defendant's property where the defendant "threatens, or is about to remove or dispose of his property, with intent to defraud his creditors ..." The court concluded that in light of the defendant's manifest intention to liquidate his assets in order to prevent recovery by the plaintiffs, a judgment for damages would "hardly be sufficient compensation." *McKain,* 250 Ind. 438, 237 N.E.2d at 104. Thus, issuance of an injunction prohibiting disposal of the defendant's assets prior to final judgment was a proper exercise of judicial discretion. Unlike the facts presented in *McKain,* here, there is no evidence Owners have displayed any intention of liquidating their assets in order to prevent the Board from recovering fees to which it is rightfully due. The exception set forth in *McKain* is not applicable in this case.

The Board insists, however, that its ability to obtain a money judgment for the economic injury it has suffered is illusory and therefore it has no adequate remedy at law. According to the Board, if Owners are allowed to continue accepting waste at the landfill, the landfill will be filled to capacity before a resolution of the Board's complaint and will then be worthless as an asset. In that event, the Board argues, there will be nothing on which to collect a judgment. The Board's argument is not persuasive.

We first observe there is nothing in the record before us indicating the value of the landfill once it reaches capacity. In its brief to this court, the Board presents calculations which it contends demonstrate the landfill will decrease in value by $120,000.00 to $200,-000.00. However, absent any evidence of the landfill's present value, a calculation on its decrease in value is of no aid in determining the value of the landfill at capacity and thus its worth as an asset.

In any event the Board's focus is misplaced. It is not the value of the landfill but the value of Owners' assets as a whole which must be taken into consideration. The question here is whether Owners possess additional assets including cash, bank accounts, and equipment, which may be attached to satisfy any money judgment the Board may obtain after a resolution of the case on its merits. Whether additional assets exist cannot be determined from the record before us. The Board presented no evidence to the trial court in that regard. Thus, even assuming the landfill will be worthless as an asset, that fact alone does not support the Board's contention that any judgment entered against Owners would be illusory.

Because the Board's claim involves mere economic injury and it has an adequate remedy at law, the Board is not entitled to a preliminary injunction. The trial court's order granting the injunction represents an abuse of discretion and therefore must be reversed.

Judgment reversed.

SHARPNACK, C.J., and BARTEAU, J., concur.