Tracy BOATWRIGHT, individually and as Indiana State Fire Marshal and State of Indiana, Appellants–Defendants,

v.

CELEBRATION FIREWORKS, INC., Appellee–Plaintiff.

No. 18A02–9608–CV–543.

Court of Appeals of Indiana.

March 20, 1997.

Jeffrey A. Modisett, Attorney General of Indiana, Janice E. Kreuscher, Suzann Weber Lupton, Deputies Attorney General, Indianapolis, for Appellants.

John H. Brooke, Casey D. Cloyd, Brooke & Cloyd, Muncie, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Tracy Boatwright, individually and as the Indiana State Fire Marshal, and the State of Indiana (collectively the "Fire Marshal") appeal from the trial court's grant of a preliminary injunction in favor of Celebration Fireworks, Inc. ("Celebration"). The injunction prevented the Fire Marshal from seizing Celebration's fireworks inventory for the failure to obtain a certificate of compliance under Indiana Code § 22–11–14–5 for each Celebration wholesale outlet location.

We reverse and remand.[1]

### ISSUE

The Fire Marshal presents several issues for our review, which we consolidate and restate as whether the trial court's order which granted Celebration injunctive relief should be reversed.

### FACTS

Celebration Fireworks is a corporation owned by the Stanley family. In 1996, Celebration operated approximately 160 stores in Indiana which sold fireworks to the general public and to fireworks wholesalers and retailers. Celebration sells both "legal" and "illegal" fireworks.[2] In 1995, Celebration reported a gross income of $5.6 million.

Pursuant to Indiana Code § 22–11–14–9, the Indiana State Fire Marshal regulates the sale and use of Section 8 and non-Section 8 fireworks. One of the Fire Marshal's duties is to inspect businesses that sell fireworks and to issue a "certificate of compliance" to those manufacturers, wholesalers, importers and distributors that satisfy the statutory regulations. I.C. § 22–11–14–5.[3] In the past, the Fire Marshal has required wholesalers who operate multiple locations in the state to obtain a certificate of compliance for each location at a cost of $1,000 per certificate.

On June 1, 1995, Celebration filed a complaint which averred that Indiana Code § 22–11–14–5 does not authorize the Fire Marshal to require a certificate of compliance for each location.[4] Celebration instead claimed that it need secure only one certificate covering all of its locations. Pursuant to its own interpretation of the statute, Celebration obtained one certificate for its central warehouse in 1995 and again in 1996. Previously, Celebration had obtained a certificate for each of its locations.

> If upon inspection the state fire marshal finds that this chapter has been complied with, an annual certificate of compliance shall be issued to the manufacturer, wholesaler, importer, or distributor. An annual certificate of compliance expires December 31 of the year during which the certificate is issued. Each manufacturer, wholesaler, or distributor must obtain a certificate of compliance. The certificate is not transferable, except that a retailer that offers the items for sale to the public is entitled to receive a certified copy of the certificate from the manufacturer, wholesaler, importer, or distributor from which the retailer purchases the items. A certified copy of the certificate of compliance must be posted in each location where the items are offered for sale to the public. . . .

---

1. We heard oral argument on February 12, 1997.

2. Indiana Code § 22–11–14–8 limits the types of fireworks that can be sold at retail to the general public. Any firework not included in "Section 8" cannot be sold to consumers and are often referred to as "illegal."

3. Indiana Code § 22–11–14–5 provides in relevant part:

 The state fire marshal shall stop the shipments and sale of fireworks, novelties, and trick noisemakers unless, prior to shipment into this state for sale, the manufacturer, wholesaler, importer, or distributor of the fireworks, novelties, and trick noise makers submits to the state fire marshal:
 (1) a complete description of each item proposed to be shipped into Indiana;
 (2) a written certification that the items are manufactured in accordance with section 1 of this chapter; and
 (3) an annual registration fee of one thousand dollars ($1,000).

4. Celebration's complaint is part of a certified class action against the Fire Marshal which contains several counts: Equitable Action for Money Had and Received, Equitable Action in Quasi–Contract, Claim for Permanent Injunctive Relief and Claim for Declaratory Relief.

In June of 1996, Fire Marshal Tracy Boatwright informed a Celebration representative, Ed Stanley, that Celebration's "illegal" fireworks would be confiscated pursuant to Indiana § 22–11–14–5 because the company had failed to obtain certificates of compliance for each of its locations. Boatwright further informed Stanley that the confiscation would begin at four o'clock p.m. on June 26, 1996, unless Celebration complied with the statute.

In response, on June 26, 1996, Celebration filed a Motion for Temporary Restraining Order Without Notice and for Preliminary Injunction. The court conducted a hearing the following day at which Stanley testified that approximately 90 percent of Celebration's fireworks sales are made between July 1 and July 4 and that Celebration's trade creditors expect to be promptly paid from those sale proceeds. Stanley further testified that confiscation of illegal fireworks would force the stores to close and require the company to file for bankruptcy protection.

On June 28, 1996, the trial court issued a preliminary injunction against the Fire Marshal which prevented the confiscation of Celebration's fireworks inventory. The court found that if the Fire Marshal were to confiscate Celebration's fireworks inventory just prior to the Fourth of July, Celebration would be unable to pay its creditors and could be forced out of business. The court further found that Celebration would "suffer irreparable harm for which it has no adequate, timely or practicable remedy at law...." The court also enjoined the Fire Marshal from requiring Celebration to obtain a certificate of compliance for each of its locations. The Fire Marshal now brings this interlocutory appeal pursuant to Indiana Appellate Rule 4(B)(3).

## DISCUSSION AND DECISION

### Standard of Review

 The grant or denial of a preliminary injunction is within the sound discretion of the trial court, and the scope of appellate review is limited to deciding whether there has been a clear abuse of discretion. *Amoco Prod. Co. v. Laird,* 622 N.E.2d 912, 915

(Ind.1993). The power to issue a preliminary injunction should be used sparingly, and such relief should not be granted except in rare instances in which the law and facts are clearly within the moving party's favor. *T.H. Landfill Co. v. Miami County Solid Waste Dist.,* 628 N.E.2d 1237, 1238 (Ind.Ct.App. 1994).

 The trial court's discretion to grant or deny a preliminary injunction is measured by several factors: 1) whether the plaintiff's remedies at law are inadequate thus causing irreparable harm pending the resolution of the substantive action if the injunction does not issue; 2) whether the plaintiff has demonstrated at least a reasonable likelihood of success at trial by establishing a prima facie case; 3) whether the threatened injury to the plaintiff outweighs the threatened harm the grant of injunction may inflict on the defendant; and 4) whether, by the grant of the preliminary injunction, the public interest would be disserved. *Reilly v. Daly,* 666 N.E.2d 439, 443 (Ind.Ct.App.1996), *trans. denied.* The party seeking an injunction has the burden of showing, by a preponderance of the evidence, that the facts and circumstances entitle the party to injunctive relief. *Id.* If the plaintiff fails to prove any one or more of these requirements, the trial court's grant thereof is an abuse of discretion. *Whiteco Indus., Inc. v. Nickolick,* 549 N.E.2d 396, 397 (Ind.Ct.App.1990).

 The Fire Marshal argues, in part, that the threat of economic harm alleged by Celebration is insufficient to support the preliminary injunction. Specifically, the Fire Marshal asserts that mere economic injury does not constitute irreparable injury because there is an adequate remedy at law. Celebration counters that a legal remedy is adequate only when it is as "plain, complete and adequate—or in other words, as practical and efficient to the ends of justice and its prompt administration—as the remedy in equity." *See McKain v. Rigsby,* 250 Ind. 438, 237 N.E.2d 99, 103 (1968).

We need not determine whether Celebration proved the factors required to sustain a

preliminary injunction.[5] Since the court issued its order for injunctive relief on June 26, 1996, there has been a change in circumstances that has rendered moot the question whether Celebration's alleged economic injury was irreparable. Even if we were to assume that the threat of imminent business failure can support injunctive relief, Celebration is no longer faced with any such threat.

Because Celebration's 1997 peak season for fireworks sales is still several months away, the company now has sufficient notice and an adequate opportunity to avoid confiscation of its inventory by complying with the Fire Marshal's interpretation of the statute and by paying the required statutory fees. If Celebration is successful on the merits of its claim for declaratory relief, it can then recover any fees collected by the Fire Marshal contrary to the trial court's judgment.[6]

■ Celebration has a duty to mitigate its damages until the trial court has the opportunity to rule on the merits of Celebration's claim for declaratory relief. The "economic injury" that Celebration would incur in complying with the Fire Marshal's interpretation of Indiana Code § 22–11–14–5 is not irreparable. The record indicates that Celebration had obtained a certificate of compliance for each of its locations every year prior to 1995. Celebration did not present any evidence that it is unable to pay for the certificates. Further, the amount of damages, if any, would be readily ascertainable and recoverable in an action at law. *Cf. Unishops, Inc. v.*

*May's Family Ctrs., Inc.* 399 N.E.2d 760, 765 (Ind.Ct.App.1980) (injunctive relief appropriate where money damages are indeterminate). Therefore, we conclude that the legal remedy available to Celebration is as "plain, adequate and complete" as its equitable remedy.

■ In late June of 1996, a week before the Fourth of July, the trial court held that Celebration faced a serious threat to its business which warranted injunctive relief. Whatever exigencies the trial court may have perceived in the time frame immediately preceding the holiday have since passed. A preliminary injunction is properly granted if the party seeking that relief presents a prima facie case stating facts which authorize such relief. *Palace Pharmacy, Inc. v. Gardner,* 164 Ind.App. 513, 329 N.E.2d 642, 644 (1975). The relief is intended to preserve the status quo until a final determination is made. *Id.* Here, however, the premise for the injunction—that confiscation of Celebration's fireworks inventory just prior to the Fourth of July would lead to imminent business failure—no longer exists.

Accordingly, we reverse the trial court's order which enjoins the Fire Marshal from requiring a wholesaler to obtain a certificate of compliance for each location, and we remand this case to the trial court with instructions to dissolve the preliminary injunction and to provide for the expedited resolution on the merits of Celebration's claim that the

---

**5.** This appears to be an unsettled question in Indiana. The Fire Marshal cites to cases which hold that "mere economic injury will not warrant the granting of a preliminary injunction." *See e.g., Scales v. Hospitality House of Bedford,* 593 N.E.2d 1283, 1286 (Ind.Ct.App.1992), *trans. denied; Wells v. Auberry,* 429 N.E.2d 679, 684 (Ind.Ct.App.1982); *see also T.H. Landfill,* 628 N.E.2d at 1238 (ability to obtain damages, in form of money judgment for economic injury, represents adequate remedy at law). However, Celebration directs us to another line of cases which holds that the available legal remedy must be as adequate as the equitable remedy. *See e.g., McKain,* 237 N.E.2d at 103. Celebration also cites to Indiana cases which have held that the threat of imminent business failure can support a preliminary injunction. *See e.g., Porter Mem'l Hosp. v. Malak,* 484 N.E.2d 54, 62 (Ind.Ct.App. 1985). Our supreme court has granted transfer in a case dealing with this very issue. *See Indiana Social Serv. Admin. v. Community Care*

*Ctrs., Inc.,* 641 N.E.2d 1012 (Ind.Ct.App.1994), *trans. granted* ("Imminent business failure is an appropriate basis for finding that the legal remedy is inadequate, thus causing the plaintiff irreparable harm"). That case remains pending before the supreme court.

**6.** If Celebration sells non-section 8 fireworks at each of its locations, it could be required to pay as much as $160,000.00 in statutory fees. *See* I.C. § 22–11–14–5. Counsel for Celebration stated at oral argument that the Fire Marshal only required certificates of compliance for those retail locations that also served as wholesalers by selling non-section 8 fireworks. Counsel for Celebration stated that some, but not all, Celebration outlets sell both section 8 and non-section 8 fireworks. Conceivably, then, Celebration could pay an amount less than $160,000.00 to obtain the necessary certificates.

Fire Marshal has incorrectly interpreted Indiana Code § 22–11–14–5.

Reversed and remanded with instructions.

BAKER and RILEY, JJ., concur.