**Rhonda DAUGHERTY, Appellant–Defendant,**

v.

**Ronald K. ALLEN, Appellee–Plaintiff.**

No. 30A01–9909–CV–309.

Court of Appeals of Indiana.

May 31, 2000.

Robert G. Barker, J. Chris Reininga, Barker & Reininga, Indianapolis, Indiana, Attorneys for Appellant.

Lynne D. Lidke, Michael B. Langford, Scopelitis, Garvin, Light & Hanson, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

ROBB, Judge

Rhonda Daugherty brings an interlocutory appeal[1] of the trial court's grant of a preliminary injunction in favor of Dr. Ronald K. Allen. We reverse.

### *Issues*[2]

Daugherty raises the following restated issues for our review:

1. Whether the trial court abused its discretion in granting the preliminary injunction in favor of Dr. Allen because an adequate remedy at law, that is a suit for money damages, was available; and

2. Whether the trial court abused its discretion in granting the preliminary injunction in favor of Dr. Allen because it constitutes a prior restraint of speech in violation of the First Amendment to the United States Constitution.[3]

---

1. We note that Indiana Appellate Rule 4(B)(3) grants this court jurisdiction to hear appeals concerning interlocutory orders such as preliminary injunctions.

2. Oral argument was heard in this case on March 28, 2000, at Purdue University. We extend our appreciation to the students, faculty, and administration of the university for their interest and hospitality.

3. Because we have decided the present case on the non-constitutional issue, the doctrine of judicial restraint prohibits us from addressing Daugherty's constitutional issue. *See, eg., Rescue Army v. Municipal Court*, 331 U.S. 549, 67 S.Ct. 1409, 91 L.Ed. 1666 (1947);

## Facts and Procedural History

The facts most favorable to the trial court's ruling reveal that Dr. Allen is a dentist specializing in the area of endodontics.[4] Dr. Allen has practiced endodontics for approximately fourteen years in Indianapolis, Indiana. The majority of Dr. Allen's patients are referrals from general practicing dentists in the Indianapolis area. In December of 1986, Dr. Allen hired Daugherty as a receptionist/assistant. While employed by Dr. Allen, Daugherty had regular contact with the personnel of general dentists who referred patients to Dr. Allen. Daugherty was later promoted by Dr. Allen to the position of office manager.

On July 6, 1999, Daugherty left her employment at Dr. Allen's office after Dr. Allen informed her that he would no longer tolerate her tardiness. Thereafter, Daugherty told Della Stone, the office manager of one of Dr. Allen's referring dentists, that: 1) there were holes in the bathrooms in Dr. Allen's office through which he observed people use the bathroom; 2) Dr. Allen attempted to give her his credit card in exchange for her being his mistress; and 3) Dr. Allen was having an affair with Meleah Ablitar, one of his employees. Daugherty made similar statements to Dr. Allen's wife and Ablitar.

Consequently, on August 20, 1999, Dr. Allen filed: 1) a Verified Petition For A Preliminary And Permanent Injunction; 2) Motion For Temporary Restraining Order And Order Of Possession; and 3) Motion To Take Deposition of Defendant, Rhonda Daugherty. That same day, the trial court: 1) ordered Daugherty to appear at Dr. Allen's office for a deposition on August 27, 1999; 2) set a hearing on Dr. Allen's Petition for a Preliminary Injunction for August 30, 1999; and 3) entered an *ex parte* temporary restraining order ("TRO")[5] against Daugherty.[6] The TRO provided in pertinent part that:

1. [Daugherty] and those acting in concert with her are hereby enjoined from having:

 a. any contact and any verbal and/or written communication of any kind with any metropolitan Indianapolis area dentist and his or her staff;

 b. any contact and any verbal and/or written communication of any kind with any member of Dr. Allen's staff while they are at work at his office;

 c. from having any physical presence whatsoever in Dr. Allen's office; and

*Indiana Wholesale Wine & Liquor v. State*, 695 N.E.2d 99, 106 (Ind.1998). We note, however, that if Dr. Allen's counsel had not conceded at oral argument that Dr. Allen's injury was purely economic in nature, and if this court were to find that damages at law were otherwise inadequate, we would have been required to address whether the speech was protected under the First Amendment to the United States Constitution. *See Gallant Ins. v. Amaizo Fed. Credit Union*, 726 N.E.2d 860, 868 (Ind.Ct.App.2000)(Darden, J., concurring in part and dissenting in part)(concluding that injunction was improper where economic injury was compensable by money damages); *but see Felsher v. University of Evansville*, 727 N.E.2d 783 (Ind.Ct.App.2000)(holding that money damages as remedy for injury to individual's reputation were inadequate and plaintiff was entitled to injunctive relief).

4. Endodontics concerns the diagnosis and treatment of diseases of the tooth pulp and/or infection of the root canal.

5. We note the Indiana Code section 34–19–2–4 grants the trial court authority to issue a TRO.

6. On August 20, 1999, Dr. Allen obtained an *ex parte* TRO. R. 23. The only attempt to provide Daugherty with notice of Dr. Allen's intent to obtain an *ex parte* TRO was a single phone message on the morning Dr. Allen filed the documents in court. We note that Trial Rule 65(B) provides that "[a] temporary restraining order may be granted without written or prior notice to the adverse party or his attorney...." After reviewing the record, it appears Dr. Allen fulfilled the procedural requirements of Trial Rule 65(B) for obtaining an *ex parte* TRO. *See* R. 5–13, 26–27.

d. from calling or being personally present at any portion of Dr. Allen's personal residence.

R. 23–25.

On August 30, 1999, the trial court held a hearing on Dr. Allen's Petition for a Preliminary Injunction. At the conclusion of the hearing, the trial court extended the TRO through September 3, 1999, but amended the TRO to allow Daugherty to contact area dentists to seek employment and to obtain dental care for herself and her children. On September 3, 1999, the trial court extended the TRO until September 7, 1999. On September 7, 1999, the trial court entered Findings of Fact and Conclusions of Law granting Dr. Allen's Petition for a Preliminary Injunction.[7] The trial court's September 7, 1999 order provides in pertinent part that:

1. [Daugherty] and those acting in concert with her are hereby enjoined preliminarily from:

 a. Having any contact and any verbal and/or written communication of any kind or nature whatsoever, at any time, with any person or entity and more specifically, any metropolitan Indianapolis area dentist, including [Dr. Allen] and his or her staff, which suggests, indicates, infers or refers to sexual harassment by [Dr. Allen], which suggests, indicates, infers, or refers to affairs involving [Dr. Allen]; and which suggests, indicates, infers, or refers to observations by the [Dr. Allen] of employees or patients while in the employee and patient rest room and which suggest, indicates, infers or refers to an offer of or a

relationship between Ronald K. Allen and Rhonda Daugherty.

R. 105–106.

This appeal ensued.

*Discussion and Decision*

I. Injunctive Relief

Daugherty first contends that the trial court abused its discretion in granting the preliminary injunction in favor of Dr. Allen because an adequate remedy at law was available to Dr. Allen, a suit for money damages. We agree.

A. Standard of Review
of Injunctive Relief

The issuance of a preliminary injunction is within the sound discretion of the trial court, and the scope of appellate review is limited to deciding whether there has been a clear abuse of discretion. *Reilly v. Daly*, 666 N.E.2d 439, 443 (Ind.Ct. App.1996), *trans. denied.* When determining whether or not to grant a preliminary injunction, the trial court is required to make special findings of fact and state its conclusions thereon. Ind. Trial Rule 52(A). When findings and conclusions are made, the reviewing court must determine if the trial court's findings support the judgment. *Norlund v. Faust*, 675 N.E.2d 1142, 1149 (Ind.Ct.App.1997), *trans. denied.* The trial court's judgment will be reversed only when clearly erroneous. *Id.* Findings of fact are clearly erroneous when the record lacks evidence or reasonable inferences from the evidence to support them. *Id.* We consider the evidence only in the light most favorable to the judgment and construe findings together liberally in favor of the judgment. *Id.*

The trial court's discretion to grant or deny preliminary injunctive relief is measured by several factors: 1) whether

---

7. Indiana Code section 34–19–2–4 provides in pertinent part that "[a]fter filing the complaint, the complainant may apply to the court for a preliminary injunction." Also, Indiana Code section 34–19–2–7 provides in pertinent part that "[i]f, at the preliminary injunction hearing, the plaintiff proved by a preponderance of the evidence that the indecent nuisance exists as alleged in the complaint, the court shall issue a preliminary injunction ... restraining the defendant and any other person from continuing the indecent nuisance."

the plaintiff's remedies at law are inadequate, thus causing irreparable harm pending the resolution of the substantive action if the injunction does not issue; 2) whether the plaintiff has demonstrated at least a reasonable likelihood of success at trial by establishing a prima facie case; 3) whether the threatened injury to the plaintiff outweighs the threatened harm the grant of the injunction may inflict on the defendant; and 4) whether, by the grant of the preliminary injunction, the public interest would be disserved. *Reilly*, 666 N.E.2d at 443. In order to grant a preliminary injunction, the moving party has the burden of showing, by a preponderance of the evidence, that the facts and circumstances entitle him to injunctive relief. *Id.* The power to issue a preliminary injunction should be used sparingly, and such relief should not be granted except in rare instances in which the law and facts are clearly within the moving party's favor. *Id.*

## B. Judicial Restraint

■ Initially we note that the doctrine of judicial restraint requires this court to first address the merits of Daugherty's non-constitutional claim, that Dr. Allen was not entitled to injunctive relief because he did not prove by a preponderance of evidence that his remedy at law was inadequate, before we address Daugherty's constitutional claim ·that the preliminary injunction is an impermissible prior restraint.

■ The doctrine of judicial restraint is a quintessential concept which has long been rooted in American jurisprudence. *See Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137, 2 L.Ed. 60 (1803). The doctrine precludes gratuitous judicial review of constitutional questions, thereby perpetuating the delicate principles of "checks and balances" and "separation of powers" which are fundamental to our constitutional system of government. *Id.; see also Rescue Army v. Municipal Court of the City of Los Angeles*, 331 U.S. 549, 67 S.Ct. 1409,

91 L.Ed. 1666 (1947). The United States Supreme Court has stated that "considerations of propriety, as well as long-established practice, demand that we refrain from passing upon the constitutionality of an act of Congress unless obliged to do so in the proper performance of our judicial function...." *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 341, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring). This doctrine of strict necessity flows from "the unique place and character, in our scheme, of judicial review of governmental action for constitutionality." *Rescue Army*, 331 U.S. at 571, 67 S.Ct. 1409.

Indiana has long adhered to the doctrine of judicial restraint *See Indiana Educ. Employment Relations Bd. v. Benton Community Sch. Corp.*, 266 Ind. 491, 365 N.E.2d 752, 754 (1977); *Passwater v. Winn*, 248 Ind. 404, 229 N.E.2d 622, 623 (1967) (even if the quality of the litigation is sufficient to support a constitutional determination, such determination will not be made if the case can be disposed of justly on non-constitutional grounds); *see also Poer v. State ex rel. Hinshaw*, 188 Ind. 55, 121 N.E. 83, 84 (1918) (a constitutional question will not be anticipated in advance of the necessity of deciding the constitutional issue).

Therefore, if we conclude that an adequate remedy at law was available to Dr. Allen in the form of a suit for money damages, we may not address Daugherty's constitutional claim that the injunction is a prior restraint in violation of the First Amendment.

## C. Non–Constitutional Issue

■ Daugherty argues that the trial court abused its discretion in concluding that Dr. Allen's legal remedy was inadequate and that Dr. Allen would suffer irreparable harm if the preliminary injunction was not granted. Daugherty further argues that Dr. Allen is not entitled to equitable relief because Dr. Allen failed to prove his remedies at law are inadequate.

Daugherty characterizes the harm to Dr. Allen as economic injury, and argues that Dr. Allen can be fully compensated through a suit for money damages for any injury he may suffer during the pendency of the adjudication of this case. At oral argument, Dr. Allen agreed that he suffered economic injury as a result of Daugherty's speech. In response to Daugherty's contentions, Dr. Allen argues that he is entitled to a preliminary injunction because the defamatory falsehoods Daugherty uttered to third parties about him irreparably harmed his business and personal reputation, resulting in him sustaining non-quantifiable damages. We disagree.

In the present case, Dr. Allen testified at the preliminary injunction hearing that ninety-nine percent of his business is derived from referrals from general practicing dentists in the Indianapolis area. R. 172. He further testified at the hearing that general dentists "can be very fickle when it comes to referral." *Id.* In addition, Dr. Allen stated that he believed Daugherty's defamatory falsehoods were injuring both his business and personal reputation, costing him not only money from lost referrals but also the respect and admiration from fellow practitioners in dentistry profession. R. 195–96.

The trial court, pursuant to Trial Rule 52(A), entered Findings of Fact and Conclusions of Law when it granted the equitable relief in favor of Dr. Allen. R. 102–06. Specifically, the trial court found that Daugherty's allegations were false and that she had communicated the falsehoods to referral dentists and Dr. Allen's wife. R. 103. Furthermore, the trial court found that Daugherty's speech would cause Dr. Allen to "suffer harm and irreparable injury, loss, damage to his professional referral bases as well as his reputation personally," and that Dr. Allen's remedies at law were inadequate. R. 103–04. Finally, the trial court found that Dr. Allen could state a prima facie case on the merits, and that the "[t]hreat-ened injury to Dr. Allen outweighs the threatened harm that a preliminary injunction may inflict on the defendant until the case therein can be heard on the merits." R. 104.

Therefore, we must determine whether the trial court's Findings of Fact support the grant of equitable relief in favor of Dr. Allen, essentially deciding whether the trial court abused its discretion in granting the preliminary injunction.

### 1. Economic Injury

First, we believe that Dr. Allen has alleged that he will suffer economic injury if the preliminary injunction restraining Daugherty's speech is dissolved by this court. Dr. Allen has directly linked his business and personal reputation to the profits of his dentistry practice, stating that he "faces serious damage to an ongoing business it took him fourteen years to develop, incalculable damage to his reputation, and loss of the good will associated with his specialized practice of dentistry." Appellee's Brief at 32. Specifically, Dr. Allen argues that his referral base will be diminished if Daugherty's speech is unrestrained by an injunction. Thus, Dr. Allen is asking for damages for the lost profits of his business due to the defamatory statements, not the damage to his reputation in the eyes of the community

 If an award of post-trial damages is sufficient to make Dr. Allen whole for his economic injury, then pre-trial relief in the form of a preliminary injunction is not warranted. *See T.H. Landfill Co., Inc. v. Miami County Solid Waste,* 628 N.E.2d 1237, 1239 (Ind.Ct.App.1994). However, "a party which suffers economic injury which cannot be remedied by post-trial damages is entitled to injunctive relief." *Jay County Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n Corp.,* 692 N.E.2d 905, 909 (Ind.Ct.App. 1998). We believe Dr. Allen's economic injury may be remedied by a suit for money damages, and thus injunctive relief was not warranted. If Dr. Allen proceeded to

trial with a suit alleging that Daugherty's statements were falsehoods, he would invariably seek compensation for damages sustained to his personal and business reputation and credibility. Damages as a result of injury to reputation and credibility are properly recoverable in a tort action. *See e.g., Greives v. Greenwood,* 550 N.E.2d 334, 338 (Ind.Ct.App.1990) (damages for loss of reputation are only available in actions for libel, slander, abuse of process, malicious prosecution and third party contract interference; these intentional torts afford this remedy because the result is foreseeable); *see also Claise v. Bernardi,* 413 N.E.2d 609, 611 (Ind.Ct.App.1980). Thus, Dr. Allen has the availability of a tort suit to remedy the damages incurred to his business and personal reputation as a result of Daugherty's speech.

### 2. Adequate Remedy at Law

However, Dr. Allen argues that a tort suit against Daugherty will not provide him with an adequate remedy because of the difficulty in quantifying his damages as a result of his referrals being "based on patient needs at the time." R. 185. Dr. Allen further argues that the only adequate remedy available to him is equitable relief.

■ A legal remedy is adequate only where it is as "plain and complete and adequate-or, in other words, as practical and efficient to the ends of justice and its prompt administration-as the remedy in equity." *McKain v. Rigsby,* 250 Ind. 438, 237 N.E.2d 99, 103 (1968). The trial court has a duty to determine "whether the legal remedy is as full and adequate as the equitable remedy." *Id.* However, a party which suffers "mere economic injury" is not entitled to injunctive relief because an award of post-trial damages is sufficient to make the party whole. *Xantech Corp. v. Ramco Indus., Inc.,* 643 N.E.2d 918, 921 (Ind.Ct.App.1994). This is true because the ability to obtain damages, in the form of a money judgment for economic injury, represents an adequate remedy at law. *T.H. Landfill Co., Inc.,* 628 N.E.2d at 1238.

■ We believe that a dollar amount may be placed on the amount of damages that Dr. Allen has incurred, and thus, he is not entitled to injunctive relief. We have repeatedly allowed plaintiffs to recover damages for injury to their reputation in defamation [8] suits, damages which are not easily quantifiable. *See Coachmen Indus., Inc. v. Dunn,* 719 N.E.2d 1271, 1276 (Ind. Ct.App.1999); *Powers v. Gastineau,* 568 N.E.2d 1020, 1025 (Ind.Ct.App.1991), *trans. denied; see also Erdman v. White,* 411 N.E.2d 653, 659 (Ind.Ct.App.1980). Moreover, we have held that "a professional practice's goodwill[ [9] ] value may be included in the marital estate for purposes of property distribution pursuant to a dissolution decree," and thus, the "goodwill" of the business is quantifiable. *See Porter v. Porter,* 526 N.E.2d 219, 225 (Ind.Ct.App. 1988); *see also Cleary v. Cleary,* 582 N.E.2d 851, 853 (Ind.Ct.App.1991).

---

8. We note that defamation is that which tends to injure reputation or to diminish esteem, respect, goodwill or confidence in the plaintiff, or to excite derogatory feelings or opinions about the plaintiff. *Kitco, Inc. v. Corporation of General Trade,* 706 N.E.2d 581, 587 (Ind.Ct.App.1999). In the case of slander, a communication is defamatory per se under well-settled common law rules if it imputes: 1) criminal conduct; 2) a loathsome disease; 3) misconduct in a person's trade, profession, office, or occupation; or 4) sexual misconduct. Restatement (Second) of Torts § 570 (1977); *Rambo v. Cohen,* 587 N.E.2d 140, 145 (Ind.Ct.App.1992), *trans. denied.*

9. "Goodwill" has been defined as "the advantage or benefit which is acquired by an establishment beyond the mere value of the capital stock, funds, or property employed therein, in consequence of the general public patronage and encouragement which it receives from constant or habitual customers on account of its local position, common celebrity, or reputation for skill, or affluence, or punctuality, or from other accidental circumstances or necessities, or even from ancient partiality or prejudices." *Porter v. Porter,* 526 N.E.2d 219, 223 (Ind.Ct.App.1988), *trans. denied.* (quoting 38 Am.Jur.2d *Goodwill* § 1).

Therefore, the trial court can quantify the damages that Dr. Allen has incurred to both his business and personal reputation as a result of Daugherty's speech. Because Dr. Allen's damages can be ascertained, we believe that Dr. Allen has an adequate remedy at law in the form of a suit for money damages and thus, a preliminary injunction is not warranted.

This is especially true because Dr. Allen testified at the preliminary injunction hearing that his office maintains paper records on the number of patients he obtains from each referring general dentist. R. 191. Dr. Allen testified that he could calculate on a per month or per year basis the number of patients each general dentist refers to him. R. 191–92. Therefore, it appears that Dr. Allen can, with some predictability and certainty, determine the rate that referrals have decreased on a monthly or yearly basis from each specific general dentist.

### 3. Unfounded Fears of Economic Injury

 Daugherty also argues that Dr. Allen's fears and apprehensions that he will suffer economic injury as a result of her speech are unfounded, and thus, there are no facts to support the trial court's grant of equitable relief in favor of Dr. Allen. The mere apprehensions or fears of a complainant, unsustained by facts, do not constitute a sufficient ground for the interference of a court of equity by injunction. *Greathouse v. Board of Sch. Comm'rs of City of Indianapolis*, 198 Ind. 95, 151 N.E. 411, 415 (Ind.1926); *see also CBS, Inc. v. Davis*, 510 U.S. 1315, 114 S.Ct. 912, 127 L.Ed.2d 358 (1994) (fact that broadcast could result in significant economic harm was insufficient to warrant court using equitable powers to enjoin broadcast). "Adequate compensation or other corrective relief, available at a latter date, weighs heavily against a claim of irreparable harm." *Indiana State Bd. of Pub. Welfare v. Tioga Pines Living Ctr., Inc.*, 637 N.E.2d 1306, 1315 (Ind.Ct.App. 1994).

We believe that Dr. Allen's fears and apprehensions that he will suffer economic harm as a result of Daugherty's speech are unfounded and do not provide the trial court with a sufficient basis to issue a preliminary injunction. At the preliminary injunction hearing, Dr. Allen failed to produce proof that he would suffer irreparable harm as a result of Daugherty's speech. Dr. Allen testified that he had no evidence of lost referrals, nor direct knowledge that his business and personal reputation had been adversely impacted by Daugherty's statements. R. 174, 186.

Moroever, additional evidence introduced at the hearing supports our conclusion that Dr. Allen's fears that Daugherty's speech would ruin his dentistry practice and personal reputation were unfounded. Della Slone, an office manager of one of the referring dentists, testified at the hearing that Daugherty communicated to her about Dr. Allen's alleged improper behavior. R. 126. Slone further testified that she had "heard things" about Dr. Allen in the past that were not favorable to him. R. 132. Specifically, she stated that she had heard that Dr. Allen had previously asked women if they would copy their body parts on the copy machine in his office. R. 134. Despite the allegations of improper behavior, Slone stated that she continued to regularly refer patients to Dr. Allen. *Id.* Thus, it is apparent that Dr. Allen's fears were not sufficiently grounded in fact for the court to grant equitable relief in his favor.

### *Conclusion*

Based on the foregoing, we hold that the trial court abused its discretion in granting the preliminary injunction in favor of Dr. Allen because he has an adequate remedy at law for the injury to his business and personal reputation, that is a suit for money damages. Moreover, we hold that the doctrine of judicial restraint precludes this court from addressing Daugherty's consti-

tutional claim because we have decided the present case on a non-constitutional issue.

Reversed.

BROOK, J., and NAJAM, J., concur.