**Casimer KOLCZYNSKI, Appellant (Plaintiff Below),**

v.

**MAXTON MOTORS, INC., Appellee (Defendant Below).**

No. 17A03–8809–CV–280.

Court of Appeals of Indiana, Third District.

May 22, 1989.

Rehearing Denied Aug. 8, 1989.

William P. Fox, Joseph Christoff, Christoff & Fox, Fort Wayne, for appellant.

Gerald M. McNerney, Butler, for appellee.

HOFFMAN, Judge.

Plaintiff-appellant Casimer Kolczynski appeals a trial court decision granting summary judgment in favor of Maxton Motors, Inc.

The facts relevant to this appeal disclose that on January 30, 1986, Kolczynski was fired from his job at Maxton Motors, Inc. for unauthorized removal and concealment of an auto part from Maxton's parts department the previous day. Kolczynski took a part from the parts department and walked by three employees, disregarding company policy which required employees to notify the parts department personnel of the part taken so that the part would be

charged to the employee's account. Kolczynski was familiar with this procedure and, in fact, had a current charge balance.

Upon report of the incident to Rose, Kolczynski's supervisor, an investigation began. Rose had an employee obtain the key code to Kolzynski's car, which could be done since the car had been purchased from Maxton, and had another employee cut a key. Rose then searched Kolczynski's car for the part. Later that evening, the part was located in a closed filing cabinet drawer where Kolczynski had placed it. Rose discussed the situation with his superiors and fired Kolczynski the next day.

Kolczynski filed a complaint against Maxton Motors, Inc. for slander of his character and reputation. The trial court granted Maxton's Motion for Summary Judgment.

Appellant presents the following issue for review: whether the trial court erred in not finding the conduct of Maxton Motors, Inc. to be slander.

■ Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavit and testimony, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Creighton v. Caylor–Nickel Hosp., Inc.* (1985), Ind.App., 484 N.E.2d 1303, 1305–1306.

■ When reviewing the grant of a motion for summary judgment, this Court will stand in the shoes of the trial court and consider the same matters as does the trial court. *Moll v. South Central Solar Systems, Inc.* (1981), Ind.App., 419 N.E.2d 154, 163. Summary judgment will be affirmed if sustainable on any theory or basis found in the record. *Wingett v. Teledyne Industries, Inc.* (1985), Ind., 479 N.E.2d 51, 56.

■ "Defamation" is that which tends to injure reputation or to diminish the esteem, respect, good will, or confidence in the plaintiff or to excite derogatory feelings or opinions about the plaintiff. 18 I.L.E. *Libel and Slander* § 1 (Supp.1988). In order to recover in an action for def-

amation, that which causes the alleged defamation must be both false and defamatory.

Restatement (Second) of Torts § 558(a) (1977);

*Tacket v. Delco Remy Division of General Motors Corp.* (S.D.Ind.1987) 678 F.Supp. 1387, 1392.

Publication is also necessary for a defamation claim. The defamatory matter must be communicated to a third person or persons. 18 I.L.E. *Libel and Slander* § 42 (1959).

Appellant asks this Court to find that Maxton's conduct in cutting a key and searching his car constitutes slander. Appellant contends that this investigation constituted conduct, transitory gestures, and "dramatic pantomime" which amounted to slander.

Maxton conducted an investigation into the alleged breach of company policy by Kolczynski and, upon an affirmative finding, discharged him. Maxton utilized only the employees necessary to conduct the investigation. There is no evidence that any employee was present when Rose, the supervisor, searched the car. Only the corporate employees with an interest in the matter were notified as to the situation.

Neither the private conduct in having the key made nor the private search of the car constitutes slander. It cannot be assumed that through these acts Maxton was showing that Kolczynski was a thief. Many reasons exist for the cutting of a key and the opening of a trunk of a person's car so that it cannot be inferred from these actions that a person is a thief. This Court finds no conduct, transitory gestures, or "dramatic pantomime" that constitute slander. The trial court correctly found that no genuine issue of material fact existed and in granting summary judgment in favor of Maxton Motors, Inc.

Affirmed.

GARRARD, P.J., and STATON, J., concur.