**Linda TILLEY, Appellant–Plaintiff,**

v.

**D. Sue ROBERSON, in her official Capacity as Director of the Indiana State Personnel Department, Appellee–Defendant.**

No. 49A02–9910–CV–690.

Court of Appeals of Indiana.

March 16, 2000.

Rehearing Denied May 15, 2000.

E. Paige Freitag, Kenneth J. Falk, Indiana Civil Liberties Union, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisitt, Attorney General of Indiana, Beth H. Henkel, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

DARDEN, Judge

### STATEMENT OF THE CASE

Linda Tilley, seeking declaratory and injunctive relief, brought an action against D. Sue Roberson, in her official capacity as Director of the Indiana State Personnel Department, wherein she challenged the constitutionality of Ind. Admin. Code, tit. 31, r. 3–1–12 because the regulation provides up to four years of disability benefits for the physically disabled but only two years of benefits for the mentally disabled. In this interlocutory appeal, Tilley appeals from a denial of her motion for a preliminary injunction, wherein she sought to continue her disability benefits.[1]

### ISSUE

Did the trial court abuse its discretion by denying Tilley's request for a preliminary injunction requiring the State to extend her disability coverage beyond the two year limit established by Ind. Admin. Code, tit. 31, r. 3–1–12?

### FACTS

#### The States Disability Benefit Program

In 1988, the Indiana General Assembly directed the State Personnel Department to adopt rules establishing short-term and long-term disability plans for state employees. P.L. 27–1988, codified at Ind.Code § 5–10–8–(c). The Legislature set general parameters for the plans but gave the Personnel Department discretion to include "any provisions the department considers necessary and proper." *Id.*

The State commissioned Milliman & Robertson, Inc., a firm of consulting actuaries, to conduct a study to consider the potential financial impact and appropriate scope of a short and long-term disability

---

1. On October 26, 1999, this Court issued an order granting Tilley's motion for stay pending appeal subject to the posting of bond by Tilley.

program. Milliman & Robertson prepared a report of its study ("Milliman Report"). According to the Milliman Report,

> [c]ertain types of disabilities are subjective in nature. Studies have shown a correlation between liberal benefit provisions and frequency of disability from the subjective causes. To limit exposure to these types of disabilities and also to reduce the plan cost, plans generally limit long term benefits to two years for mental and nervous conditions and drug and alcohol rehabilitation.

(R. 31).

Based in part upon the Milliman Report, the Personnel Department designed a short-term and long-term disability program covering all full-time state employees with at least six months of continuous service. Under the program, the State generally provides short-term disability benefits to an eligible employee for up to 24 months as long as an employee is unable to perform work consistent with his/her job classification. Ind. Admin. Code, tit. 31, r. 3–1–9(a). The long-term disability benefits are generally available to employees for two additional years if the employee "is unable to perform the work of any occupation for which s/he is reasonably qualified by reason of education, training, or experience." Ind. Admin. Code, tit. 31, r. 3–1–9(b).

The Personnel Department also adopted the following duration limitations for its long-term disability benefit program:

(a) Except as otherwise provided in this section, long term disability benefit payments are limited to a maximum duration of four (4) years.

(b) Benefits will only be provided as long as the employee is deemed disabled.

(c) The maximum short term and long term benefit period for a mental and/or nervous disability is limited to twenty-four (24) months.

(d) The maximum short term and long term benefit period for drug and/or alcohol dependency rehabilitation is limited to twenty-four (24) months.

(e) The maximum benefit period for a disability occurring on or after attained age sixty-two (62) is limited as follows:

| Age at Disability | Benefit Duration |
| --- | --- |
| 62 | 3.50 years |
| 63 | 3.00 years |
| * * * * | |
| 69+ | 1.00 year |

Ind. Admin. Code tit. 31, r. 3–1–12.

*Linda Tilley's Circumstances*

Tilley is a former full-time employee of the State of Indiana. In August of 1997, the Personnel Department found Tilley to be totally disabled because of a combination of mental impairments, and Tilley began receiving short-term disability benefits. In March of 1998, Tilley began receiving long-term disability benefits, which consisted of a percentage of her former salary from the State as well as a continuation of her health, dental, vision and life insurance benefits. Once Tilley qualified for Social Security Disability benefits and retired under her Public Employees Retirement Fund (PERF) plan, she no longer qualified to receive a percentage of her former salary through her disability benefits.

Because the Personnel Department determined that Tilley was disabled due to mental impairments, her disability benefits terminated on September 19, 1999—two years after she began receiving benefits—pursuant to Ind. Admin. Code tit. 31, r. 3–1–12(c). Expiration of her disability benefits affected Tilley's rights to receive medical, dental, vision, and life insurance paid by the State.

Although Tilley has the option of continuing her health insurance coverage under the Consolidated Omnibus Budget Reconciliation Act (COBRA), she averred that she cannot afford to do so. Tilley's PERF and Social Security Disability benefits total $1,742 per month. Tilley received a lump sum award from PERF and money from a divorce settlement, and she

and her current husband have been using this money to pay their living expenses.[2]

According to Tilley, her husband earns approximately $600 per month, which is substantially subsumed by his child support obligations for a child from his previous marriage. They have credit card debt exceeding $30,000, and pay approximately $700–$750 per month for this debt. They also pay monthly rent and utility expenses in the amount of $450 and $200, respectively

Tilley estimates that it will cost her $365 every month to pay for her medical prescriptions, counseling and psychiatrist visits. She also believes that the cost of obtaining medical insurance for herself through COBRA would be more than $500 per month.

Tilley will begin receiving Medicare in March 2000, and she will be eligible for medical insurance through that program. However, Medicare does not pay for prescription expenses.

*Procedural History*

On September 2, 1999, Tilley filed a class action complaint for declaratory and injunctive relief against D. Sue Roberson, in her official capacity as Director of the Indiana State Personnel Department, challenging the constitutionality of Ind. Admin. Code tit. 31, r. 3–1–12 on the grounds that it violated the Equal Protection Clause of the United States Constitution and the Privileges and Immunities Clause of the Indiana Constitution. That same day, Tilley filed her motion for preliminary injunction, seeking to enjoin the Director from enforcing the 24–month limitation set forth in the regulation and to require the Director to continue her disability benefits pending resolution of the action.

The Director opposed the motion for preliminary injunctive relief and designated a Declaration of Brian Beesley, a for-mer Deputy Director of the Personnel Department. According to Beesley, the disability benefit plans are provided at a significant cost to the State, including: salary payments, additional costs to PERF, and increased costs for state employee health insurance coverage. Beesley indicated that coverage limitations were required to maintain the financial integrity of the disability program while keeping costs from spiraling out of control. Beesley further indicated that adjudicating disputed mental disability claims could be more difficult because many mental conditions rely upon subjective reports from the employee to reach a diagnosis.

Following a hearing, the trial court denied Tilley's request for a preliminary injunction, concluding that Tilley had failed to show a reasonable likelihood of success on the merits. The trial court further concluded that the balancing of the harms weighed in favor of the State, that Tilley's harm was plainly economic in nature, and that an injunction would not be in the public interest.

## DISCUSSION AND DECISION

 The grant or denial of a preliminary injunction is within the sound discretion of the trial court, and the scope of appellate review is limited to deciding whether there has been a clear abuse of discretion. *Union Township School Corp. v. State,* 706 N.E.2d 183, 188–89 (Ind.Ct. App.1998), *trans. denied.* Nevertheless, we have indicated that power to issue a preliminary injunction should be used cautiously, and such relief should not be granted except in rare instances in which the law and facts are clearly within the moving party's favor. *Id.* at 189.

 In order to obtain a preliminary injunction, Tilley, as the moving party, had the burden of showing that: 1) her reme-

---

**2.** Tilley has not disclosed when she received her PERF benefit plan and her divorce settlement. She also has failed to state how much money she received from these sources and whether she has exhausted this money.

dies at law were inadequate, thus causing irreparable harm pending the resolution of the substantive action; 2) she has at least a reasonable likelihood of success at trial by establishing a *prima facie* case; 3) her threatened harm outweighs the threatened harm the grant of an injunction may inflict on the State; and 4) the public interest would not be disserved by the grant of the preliminary injunction. *See Harvest Ins. Agency v. Inter-Ocean Ins. Co.*, 492 N.E.2d 686, 688 (Ind.1986); *see also Jay County Rural Elec. v. Wabash Valley Power*, 692 N.E.2d 905, 909 (Ind.Ct.App. 1998). If the movant fails to prove any one or more of these requirements, the trial court's grant of an injunction is an abuse of discretion. *Union Township School Corp.*, 706 N.E.2d at 189.

 In the instant case, Tilley had the burden of showing that her remedies at law were inadequate, thereby causing her to suffer irreparable harm. The trial court failed to find that Tilley's remedies at law were inadequate; instead, it concluded that Tilley's harm was "plainly economic in nature." (R. 166). As recently noted in *Jay County*, "a party which suffers only 'mere economic injury' is not entitled to injunctive relief because an award of post-trial damages is sufficient to make the party whole. However, a party which suffers economic injury that cannot be remedied by post-trial damages is entitled to injunctive relief." 692 N.E.2d at 909.

Tilley's preliminary injunction sought to continue her insurance coverage pending the final resolution of this case. If the preliminary injunction is not granted, Tilley will be forced to continue her insurance

coverage under COBRA, obtain other insurance coverage at her own expense, or personally incur all of her medical expenses pending resolution of her action challenging the constitutionality of Ind. Admin. Code tit. 31, r. 3-1-12. If she prevails on her claim, she can seek recovery for these expenses. Accordingly, Tilley's remedy against the State is economic in nature, and preliminary injunctive relief is not warranted.[3]

As noted previously, the power to issue a preliminary injunction should be used sparingly, and such relief should not be granted except in rare instances in which the law and the facts are clearly within the moving party's favor. *Reilly v. Daly*, 666 N.E.2d 439, 443 (Ind.Ct.App.1996), *trans. denied*. This is not one of those rare instances, and the trial court did not abuse its discretion in denying Tilley's request for a preliminary injunction.

Affirmed.

KIRSCH, J., concurs.

SULLIVAN, J., dissents with separate opinion.

### SULLIVAN, Judge, dissenting

The majority's affirmance of the denial of the preliminary injunction unmistakably determines that there is not a likelihood that Tilley will succeed upon the merits of her claim. This constitutes an effective but premature decision upon the merits. The issues in dispute more properly remain for resolution by the trial court within in the appropriate context of the underlying declaratory judgment and permanent injunction claims.

---

**3.** Tilley claims that without an injunction, her mental health will deteriorate. This contention is premised on her contention that she cannot afford to continue her medical insurance through COBRA (which she estimates to be over $500 per month). However, the trial court found that that she receives Social Security Disability and PERF benefits of over $1,700 per month and has been living off of a divorce settlement from a previous marriage.

Also, Tilley's current husband earns approximately $600 per month. Finally, Tilley failed to present any evidence to support her opinion that it would cost her $500 per month for COBRA insurance. Under these circumstances, the trial court did not err in concluding that Tilley's harm is purely economical in nature and thus, not entitled to injunctive relief. *See Jay County*, 692 N.E.2d at 909.

I cannot agree that Tilley's injuries are "plainly economic in nature" which can be "remedied by post-trial damages." The harm visited upon Tilley, by termination of her insurance benefits, is irreparable.

If she were to win an action for damages, payment of the equivalent of what her prescription costs and psychiatric and counseling expenses would have been, even together with interest, would be inadequate. Throughout the duration of the period between termination of benefits and recovery of monetary damages, she will lose the mental health care essential to her well-being. It is quite possible, if not probable, that absence of appropriate medication and psychiatric care for such an extended time will irreparably damage her mental health and stability. For this reason, I do not agree that her remedies at law are adequate.

I would reverse and remand for further proceedings upon Tilley's complaint for declaratory judgment and for permanent injunction.