Bill BARLOW and Rachel Barlow,
Appellants–Defendants,

v.

Dexter SIPES, formerly d/b/a Sipes
Body Shop and Sipes Body and Glass,
Inc., as successor, Appellees–Plain-
tiffs.

No. 47A01–0006–CV–212.

Court of Appeals of Indiana.

Jan. 31, 2001.

Jennifer A. Tucker, Tucker and Tucker, P.C., Paoli, IN, Attorney for Appellant.

Geoffrey M. Grodner, Kendra G. Gjerdingen, Mallor Clendening Grodner &

**4**

Bohrer LLP, Bloomington, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

Bill Barlow and his wife Rachel Barlow (the "Barlows") appeal the trial court's grant of a preliminary injunction in favor of Dexter Sipes, Dan Sipes, and Sipes Body and Glass, Inc. (collectively referred to as "Sipes Body"). We affirm and remand.

### Issue

The Barlows raise the following restated issues for our review:

1. Whether the trial court abused its discretion in granting the preliminary injunction in favor of Sipes Body because an adequate legal remedy, that is a suit for money damages, was available;

2. Whether the trial court abused its discretion in granting the preliminary injunction in favor of Sipes Body because it constitutes a prior restraint of speech in violation of the First Amendment to the United States Constitution; and

3. Whether the trial court abused its discretion in granting the preliminary injunction in favor of Sipes Body without requiring Sipes Body to post a security bond pursuant to Indiana Trial Rule 65(C).

### Facts and Procedural History

The facts reveal that Bill Barlow owns and operates an insurance agency, known as Barlow Insurance Service, in Mitchell, Indiana. Bill Barlow works in the capacity of an insurance adjuster and general insurance agent with his wife Rachel Barlow assisting him. For the past twenty-eight years, Dexter Sipes has operated an automobile body shop known as Sipes Body and Glass in the neighboring town of Bedford, Indiana. On June 3, 1999, Dexter Sipes sold the business to his son Dan Sipes.

On October 27, 1999, Sipes Body filed a complaint against the Barlows alleging intentional interference with a business relationship and defamation. Sipes Body sought relief in the form of compensatory damages, punitive damages, and injunctive relief. With regard to injunctive relief, Sipes Body requested a preliminary injunction to prevent further harm pending resolution of the tort suits. After conducting a hearing, the trial court entered an order on June 8, 2000, which found that:

6. There is no evidence that [Sipes Body] "busts out windshields" for the purpose of generating glass replacement work and that [Sipes Body] has a good reputation in the Lawrence County community.

* * *

10. The Barlows have engaged in a pattern of discouraging their policyholders from having repair work done by [Sipes Body] by making derogatory statements about [Sipes Body] and of steering their policyholders to a Mitchell body shop by misrepresenting that the insurers require an estimate from a Mitchell body shop.

11. [Sipes Body] has no way of knowing how many other Barlow policyholders have been dissuaded by the Barlows from patronizing [Sipes Body].

12. Daniel Sipes believes that the statements made by the Barlows have in the past and continue to negatively affect [Sipes Body's] business.

13. It is important to [Sipes Body's] business to have a steady stream of customers because the business depends on volume of work.

* * *

16. The Barlows deny making statements about [Sipes Body] and discouraging their policyholders from patronizing [Sipes Body], yet Rachel Barlow was unable to provide evidence as to why any of the five witnesses who testified that the Barlows made negative and untrue statements about [Sipes Body] would lie about the Statements made by the Barlows.

17. [Sipes Body's] damages are not ascertainable because there is no way to

determine how many customers have been dissuaded from patronizing [Sipes Body].

R. 78–79. The trial court in the June 8, 2000, order concluded in part that:

4. The remedies available at law to [Sipes Body] are inadequate causing irreparable harm to [Sipes Body] if [the Barlows] are not enjoined pending the resolution of this action because the amount of damages suffered by [Sipes Body] cannot be ascertained.

5. [Sipes Body] has established a prima facie case against [the Barlows] making it reasonably likely that it will succeed at trial.

6. The threatened injury to [Sipes Body] outweighs the potential harm that a temporary restraining order would occasion on [the Barlows] because [the Barlows] can fully conduct their business without engaging in any of the activities prohibited by the order.

7. Public interest will not be disserved by the issuance of a temporary restraining order.

*Id.* With regard to the preliminary injunction, the June 8, 2000, order provides in part that:

Defendants, Bill Barlow and Rachel Barlow, shall refrain from making false, negative or disparaging statements about [Sipes Body]; shall refrain from representing that any insurance company is not willing to accept estimates from [Sipes Body]; shall refrain from refusing to process estimates from [Sipes Body]; and shall refrain from discouraging or preventing policyholders from submitting estimates from [Sipes Body].

R. 79–80. This appeal ensued.

### Discussion and Decision

### I. Injunctive Relief

### A. Standard of Review for Injunctive Relief

The issuance of a preliminary injunction is within the sound discretion of the trial court, and the scope of appellate review is limited to deciding whether there has been a clear abuse of discretion. *Reilly v. Daly*, 666 N.E.2d 439, 443 (Ind.Ct. App.1996), *trans. denied.* When determining whether or not to grant a preliminary injunction, the trial court is required to make special findings of fact and state its conclusions thereon. Ind. Trial Rule 52(A). When findings and conclusions are made, the reviewing court must determine if the trial court's findings support the judgment. *Norlund v. Faust*, 675 N.E.2d 1142, 1149 (Ind.Ct.App.1997), *trans. denied.* The trial court's judgment will be reversed only when clearly erroneous. *Id.* Findings of fact are clearly erroneous when the record lacks evidence or reasonable inferences from the evidence to support them. *Id.* We consider the evidence only in the light most favorable to the judgment and construe findings together liberally in favor of the judgment. *Id.*

The trial court's discretion to grant or deny preliminary injunctive relief is measured by several factors: 1) whether the plaintiff's remedies at law are inadequate, thus causing irreparable harm pending the resolution of the substantive action if the injunction does not issue; 2) whether the plaintiff has demonstrated at least a reasonable likelihood of success at trial by establishing a prima facie case; 3) whether the threatened injury to the plaintiff outweighs the threatened harm the grant of the injunction may inflict on the defendant; and 4) whether, by the grant of the preliminary injunction, the public interest would be disserved. *Reilly*, 666 N.E.2d at 443. In order to grant a preliminary injunction, the moving party has the burden of showing, by a preponderance of the evidence, that the facts and circumstances entitle him to injunctive relief. *Id.* The power to issue a preliminary injunction should be used sparingly, and such relief should not be granted except in rare instances in which the law and facts are clearly within the moving party's favor. *Id.*

## B. Adequate Remedy at Law

■ The Barlows first contend that the trial court abused its discretion in granting a preliminary injunction in favor of Sipes Body because an adequate remedy at law is available, a suit for money damages. We disagree.[1]

Our initial inquiry is to determine the injury Sipes Body alleges it has suffered as a result of the Barlows' tortious conduct. After examining the record, it is apparent that Sipes Body is alleging both economic injury and reputational harm. Sipes Body pleads two causes of action in its complaint: 1) intentional interference with a business relationship; and 2) defamation. Moreover, Sipes Body's complaint provides in part that that the Barlows' "insurance business requires them to discuss vehicle repair options with their policyholders on a regular and continuing basis" and the Barlows' "continued interference with [Sipes Body's] business relationships and publication of defamatory statements about [Sipes Body] will cause [Sipes Body] continued injury." R. 9. Also, Sipes Body alleges in its Verified Motion for a Preliminary Injunction that the Barlows' tortious conduct is causing irreparable injury to its business and reputation in the community. Furthermore, Dexter and Dan Sipes voiced their concern at the preliminary injunction hearing that the Barlows' tortious conduct was causing irreparable injury to their reputation in the eyes of the community and loss of business profits. R. 110–11, 117–19. Therefore, we must examine whether a suit for money damages is an adequate remedy at law for Sipes Body's economic injury and reputational harm.

## 1. Economic Injury

■■ Sipes Body in part seeks relief for the lost profits of its business due to the tortious conduct of the Barlows, harm that is properly characterized as pure economic injury. Sipes Body alleged that a preliminary injunction is warranted to stop the Barlows from further diminishing their profits by deterring customers from patronizing their business establishment. Injunctions are a powerful equitable tool to be used only in clear and plain cases. *Barnard et al. v. Shirley*, 135 Ind. 547, 34 N.E. 600, 602 (1893). Preliminary injunctions are designed to protect the property and rights of parties from any injury until the issues and equities in a case can be determined after a full examination and hearing. 42 Am.Jur.2d, Injunctions § 13 (1969).

■ We have previously held that a party that suffers mere economic injury is not entitled to injunctive relief because an award of post-trial damages is sufficient to make the party whole. *Xantech Corp. v. Ramco Indus., Inc.*, 643 N.E.2d 918, 921 (Ind.Ct.App.1994). Although mere economic injury generally does not warrant the grant of a preliminary injunction, the trial court has a duty to determine whether the legal remedy is as full and adequate as the equitable remedy. *Jay County Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 692 N.E.2d 905, 909 (Ind.Ct.App.1998), *trans. denied*. A legal remedy is not adequate merely because it exists as an alternative to an equitable from of relief. *Porter Mem'l Hosp. v. Malak*, 484 N.E.2d 54, 62 (Ind.Ct.App.1985), *trans. denied*. Instead, injunctive relief will be granted if it is more practicable, efficient, or adequate than that

---

**1.** We note that the doctrine of judicial restraint requires this court to address the merits of the Barlows' non-constitutional claim, that Sipes Body was not entitled to injunctive relief because he did not prove by a preponderance of the evidence that its remedy at law was inadequate before we address the Barlows' constitutional claim that the preliminary injunction is a impermissible prior re-

straint. Indiana has long adhered to the doctrine of judicial restraint. *See Poer v. State ex. rel. Hinshaw*, 188 Ind. 55, 121 N.E. 83, 84 (1918) (a constitutional question will not be anticipated in advance of the necessity of deciding the constitutional issue). Only if we decide the non-constitutional claim against the Barlows need we address the constitutional claim.

afforded by law. *Id.* A legal remedy is adequate only where it is as "plain, complete and adequate-or in other words, as practical and efficient to the ends of justice and its prompt administration—as the remedy in equity." *McKain v. Rigsby,* 250 Ind. 438, 237 N.E.2d 99, 103 (1968).

▮ In order to obtain the preliminary injunction, Sipes Body was required to show irreparable injury to its business. *Tilley v. Roberson,* 725 N.E.2d 150, 154 (Ind.Ct.App.2000). Although a party seeking a preliminary injunction must show irreparable injury, this requirement does not demand that the party point to specific losses in its business. *Norlund,* 675 N.E.2d at 1149. If a party seeking equitable relief could point to a specific dollar amount of losses, then a remedy at law would be sufficient. *See id.*

In *Daugherty v. Allen,* 729 N.E.2d 228 (Ind.Ct.App.2000),[2] Dr. Allen, an Indianapolis dentist, sought to enjoin his former receptionist from making defamatory statements about him to others, especially referring dentists. *Id.* at 231. Dr. Allen believed that his former receptionist's falsehoods were decreasing the number of patients referred to his dentistry practice from area dentists. *Id.* at 236. We held that Dr. Allen had an adequate remedy at law in the form of post-trial money damages because he could determine with some predictability and certainty the damages he incurred as a result of his former receptionist's defamatory statements. *Id.* We based our determination in part on the testimony of Dr. Allen at the preliminary injunction hearing that he could calculate on a per month or per year basis the number of referral patients he received

from other dentists. *Id.* Because Dr. Allen's damages were quantifiable, equitable relief was not warranted.

In the present case, both Dexter and Dan Sipes testified at the preliminary injunction hearing that they had no idea of the number of customers they lost as a result of the Barlows' tortious conduct. *See* R. 109, 119. Thus, a dollar amount cannot be placed on the economic injury Sipes Body has sustained as a result of the tortious conduct of the Barlows and any amount would be pure speculation. Therefore, we believe that equitable relief is necessary in order to provide Sipes Body a complete remedy for its economic injury because money damages cannot be calculated with any predictability or certainty.

### 2. Reputational Harm

▮ With regard to reputational harm, we believe that equitable relief is necessary in order to protect Sipes Body's reputation in the eyes of the community pending resolution of the tort suits. It is true that damages as a result of injury to reputation and credibility are recoverable in a tort action. *See, e.g., Greives v. Greenwood,* 550 N.E.2d 334, 338 (Ind.Ct.App.1990) (damages for loss of reputation are only available in actions for libel, slander, abuse of process, malicious prosecution and third party contract interference; these intentional torts afford this remedy because the result is foreseeable). In the present case, Sipes Body has brought a defamation claim against the Barlows for their alleged falsehoods about the automobile repair business. Defamation is that which tends to injure reputation or to diminish esteem, respect, good will, or confidence in the plaintiff, or

---

**2.** We note that the dissent provides that the facts and circumstances of the present case are "nearly identical" to those of our decision in *Daugherty v. Allen,* 729 N.E.2d 228 (Ind.Ct. App.2000). However, in *Daugherty,* Dr. Allen conceded that he suffered only economic injury as a result of Daugherty's falsehoods. *Id.* at 231. Moreover, Dr. Allen's stated that he could predict with certainty the amount of business that he lost as a result of Daugherty's

defamatory statements. *Id.* at 236. Here, Sipes Body alleges both economic injury and reputational harm and has stated that it cannot determine with any predictability or certainty the amount of business lost as a result of the Barlows' tortious conduct. Although it appears from the surface that the two cases are "nearly identical," an in-depth analysis reveals that they are in fact inapposite.

to excite derogatory feelings or opinions about the plaintiff. *Kolczynski v. Maxton Motors, Inc.*, 538 N.E.2d 275, 276 (Ind.Ct. App.1989), *trans. denied.* In order to recover in an action for defamation, that which caused the alleged defamation must be both false and defamatory. *Id.* A communication may be defamatory per se or per quod. *Rambo v. Cohen*, 587 N.E.2d 140, 145 (Ind.Ct.App.1992), *trans. denied.* In the case of slander, a communication is defamatory per se under well-settled common law rulings if it imputes: 1) criminal conduct; 2) a loathsome disease; 3) misconduct in a person's trade, profession, office, or occupation, or; 4) sexual misconduct. *Id.;* Restatement (Second) of Torts § 570 (1977). It is evident from the complaint that Sipes Body alleges that the Barlows' statements constitute slander because the statements have imputed misconduct on the part of the automobile repair business as well as criminal conduct.

Sipes Body has directly linked its reputation to the profits of the automobile repair business. In *Daugherty*, we found that Dr. Allen had "directly linked his business and personal reputation to the profits of the dentistry practice." 729 N.E.2d at 234. However, Dr. Allen conceded at oral argument that he was solely alleging "economic injury," not a separate claim of reputational harm. *Id.* at 231. Thus, our analysis in *Daugherty* was limited to whether Dr. Allen's alleged "economic injury" entitled him to equitable relief in the form of a preliminary injunction. *Id.* In the present case, Sipes Body has requested relief for both "economic injury" and reputational harm. Therefore, *Daugherty* is not directly on point with regard to whether Sipes Body is entitled to a preliminary injunction for the harm to its reputation.

■■■■ We have allowed plaintiffs to recover damages for injury to their reputation in defamation suits, damages that are not easily quantifiable. *See Coachmen Indus., Inc. v. Dunn*, 719 N.E.2d 1271, 1276 (Ind.Ct.App.1999), *trans. denied.* However, this does not necessarily stand for the proposition that because damages are recoverable in defamation suits, equitable relief is foreclosed.

Equity may intervene in those cases where restraint becomes essential to the preservation of a business or other property interests threatened with impairment by illegal combinations or by other tortious acts, and the publication of the words is merely an instrument and incident, and when there is other legitimate ground for equity to issue the injunction, the fact that the publication is also libel will not prevent the injunction being issued. Accordingly, if the circumstances are such that the publication tends to intimidate and by coercion prevent the public from trading with plaintiff and results in irreparable injury to his property rights, a court of equity may grant relief by injunction.

43A C.J.S. Injunctions § 142 (1978). It has long been recognized that a business' reputation and goodwill are property rights. *Hartzler v. Goshen Churn & Ladder Co.*, 55 Ind.App. 455, 104 N.E. 34, 37 (1914). We have upheld the grant of a preliminary injunction to protect a business' reputation and goodwill. *See McGlothen v. Heritage Envtl. Servs., L.L.C.*, 705 N.E.2d 1069, 1075 (Ind.Ct.App. 1999).

In the present case, there is evidence in the record that Sipes Body would suffer irreparable harm in terms of damages to its reputation in the eyes of the community if the Barlows were not enjoined from uttering further slanderous statements. A business flourishes or folds on its reputation in a community, and it appears that Sipes Body has cultivated a very good reputation in the Lawrence County area. However, the record indicates that the Barlows' statements have somewhat eroded this good name, and equitable relief is the most efficient and practical means of ensuring that the good will of Sipes Body is not destroyed pending the resolution of

the tort suits. We believe that only a preliminary injunction can prevent the Barlows from irreparably hurting Sipes Body reputation, and thus, a preliminary injunction was warranted in order to safeguard the good name of the automobile repair business pending the resolution of the tort suits. Therefore, the grant of equitable relief was proper not only to provide a complete remedy for Sipes Body's economic injury, but also for its reputational harm.

## II. First Amendment

The Barlows also contend that the trial court erred in granting the preliminary injunction in favor of the Barlows because the injunction violates the First Amendment to the United States Constitution. We disagree.

Having concluded that a suit for money damages is an inadequate remedy at law for Sipes Body's economic injury and reputational harm, we must now examine whether the preliminary injunction survives scrutiny under the First Amendment to the United States Constitution. The First Amendment, incorporated to the States via the Fourteenth Amendment, protects free speech, providing in pertinent part that "Congress shall make no law ... abridging the freedom of speech...." Freedom of speech has always been zealously guarded in this great country. *Roth v. United States*, 354 U.S. 476, 488, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). The United States Supreme Court has stated that "[i]n determining the extent of the constitutional protection [of the First Amendment], it has been generally, if not universally, considered that it is the chief purpose of the guaranty to prevent previous restraints upon publication." *Near v. Minnesota*, 283 U.S. 697, 713, 51 S.Ct. 625, 75 L.Ed. 1357 (1931). A prior restraint is not a per se violation of the First Amendment to the United States Constitution. *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 558, 95 S.Ct. 1239, 43 L.Ed.2d 448 (1975); *see, e.g., Lovell v. City of Griffin*, 303 U.S. 444, 451–52,

58 S.Ct. 666, 82 L.Ed. 949 (1938). However, any prior restraint on expression comes to appellate review with a heavy presumption against its constitutional validity. *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419, 91 S.Ct. 1575, 29 L.Ed.2d 1 (1971).

The term "prior restraint" describes orders forbidding certain communications that are issued before the communications occur. *Alexander v. United States*, 509 U.S. 544, 550, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993); *see, e.g., Near*, 283 U.S. at 697, 51 S.Ct. 625. The special vice of a prior restraint is that communication is suppressed, either directly or by inducing excessive caution in the speaker, before an adequate determination that it is unprotected by the First Amendment. *Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376, 390, 93 S.Ct. 2553, 37 L.Ed.2d 669 (1973). However, the First Amendment is not triggered unless there is "state action." Since the United States Supreme Court's decision in *Gitlow v. New York*, 268 U.S. 652, 45 S.Ct. 625, 69 L.Ed. 1138 (1925), the Court has consistently held that the liberty of speech and the press which the First Amendment guarantees against abridgement by the federal government is within the liberty safeguarded by the Due Process Clause of the Fourteenth Amendment from invasion by "state action." Court precedent indicates that application of state rules of law in state courts in a manner alleged to restrict First Amendment freedoms constitutes "state action" as required by the Fourteenth Amendment. *See, e.g., NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 916 n. 51, 102 S.Ct. 3409, 73 L.Ed.2d 1215 (1982); *New York Times v. Sullivan*, 376 U.S. 254, 265, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). The test is not the form in which the state power has been applied, but, whatever the form, whether such power has in fact been exercised. *See American Fed'n of Labor v. Swing*, 312 U.S. 321, 325–26, 61 S.Ct. 568, 85 L.Ed. 855 (1941).

In the present case, the trial court granted a preliminary injunction in favor of Sipes Body restraining the Barlows' speech pending resolution of the tort claims. It is universally accepted that the First Amendment guarantees of free speech protect equally as well against injunctions by courts as well as legislative restraints. *See CBS v. Davis*, 510 U.S. 1315, 114 S.Ct. 912, 127 L.Ed.2d 358 (1994) (staying court ordered preliminary injunction as an unconstitutional prior restraint); *St. Margaret Mercy Healthcare Ctrs., Inc. v. Ho*, 663 N.E.2d 1220, 1223–24 (Ind.Ct. App.1996) (reversing trial court's preliminary injunction as an unconstitutional prior restraint). Therefore, a trial court's issuance of a preliminary injunction constitutes "state action" within the meaning of the Fourteenth Amendment so that the First Amendment protections are triggered. Thus, the First Amendment is implicated in the present case.

However, we do not believe that the preliminary injunction violates the First Amendment. The preliminary injunction enjoins the Barlows from making slanderous statements and defamatory falsehoods of a primarily private concern that are on the lowest rung of the protection of the First Amendment. It is well established that not all speech is afforded the same protection under the First Amendment. "[S]peech concerning public affairs is more than self-expression; it is the essence of self-government." *Garrison v. State of Louisiana*, 379 U.S. 64, 74–75, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964). "In contrast, speech on matters of purely private concern is of less First Amendment concern." *Carey v. Brown*, 447 U.S. 455, 467, 100 S.Ct. 2286, 65 L.Ed.2d 263 (1980).

The United States Supreme Court has stated that there is "no constitutional value in false statements of fact." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 338, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). The intentional lie does not materially advance society's interest in "uninhibited, robust, and wide-open" debate on public issues. *New York Times Co. v. Sullivan*, 376 U.S. at 265, 84 S.Ct. 710. Falsehoods belong to that category of utterances that "are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality." *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572, 62 S.Ct. 766, 86 L.Ed. 1031 (1942).[3] The Court has further stated that "[f]alse statements of fact are particularly valueless; they interfere with the truth-seeking function of the marketplace of ideas, and they cause damage to an individual's reputation that cannot easily be repaired by counterspeech, however persuasive or effective." *Hustler Magazine v. Falwell*, 485 U.S. 46, 51, 108 S.Ct. 876, 99 L.Ed.2d 41 (1988). We believe that the speech enjoined by the preliminary injunction is of little constitutional import and that the injunction primarily operates to address alleged private wrongs committed by the Barlows against Sipes Body, imputing dishonest business practices and discouraging individuals from patronizing the automobile repair business. Therefore, we believe the preliminary injunction issued by the trial court in favor of Sipes Body passes constitutional muster under the First Amendment.

### III. Security Bond

The Barlows also contend that the language of Indiana Trial Rule 65(C) ren-

---

**3.** We note that the United States Supreme Court in *Gertz* held that nonpublic figures must demonstrate some fault on the defendant's part and, at least where knowing or reckless untruth is not shown, some proof of actual injury to the plaintiff before liability may be imposed and damages awarded. 418 U.S. at 323, 94 S.Ct. 2997. We believe that Sipes Body presented sufficient evidence at the preliminary injunction hearing that the statements uttered by the Barlows about the automobile repair business were false and that the business had suffered economic injury and reputational harm as a result of the defamatory statements.

ders the issuance of a preliminary injunction without bond void. We disagree.

 Indiana Trial Rule 65(C) provides in pertinent part that:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

The reason for requiring security relates to the expeditious manner in which the preliminary injunctive relief is issued and to the lack of a full hearing upon the facts. *National Sanitary Supply Co. v. Wright*, 644 N.E.2d 903, 905 (Ind.Ct.App. 1994), *trans. denied*. A surety bond is a convenient manifestation of financial responsibility on the part of a plaintiff, and, by operation of Trial Rule 65.1, provides an expeditious means of recovery of damages by a prevailing defendant. *Howard D. Johnson Co. v. Parkside Dev. Corp.*, 169 Ind.App. 379, 348 N.E.2d 656, 663 (1976). However, the failure of a trial court to require a party to post a security bond pursuant to Trial Rule 65(C) constitutes mere error that is insufficient to void an injunction. *Pickett v. Pelican Serv. Associates*, 481 N.E.2d 1113, 1120 (Ind.Ct.App.1985), *trans. denied*.

Our review of the record reveals that the trial court failed to require Sipes Body to post a security bond. Therefore, we affirm the trial court's grant of the preliminary injunction but remand with instructions to the trial court for the determination of a sufficient bond under Trial Rule 65(C).

### Conclusion

Based on the foregoing, we hold that the trial court properly granted the preliminary injunction in favor of Sipes Body for its economic injury and reputational harm. In addition, we hold that the trial court erred in failing to require Sipes Body to post a security bond pursuant to Trial

Rule 65(C), and thus, remand with instructions to the trial court to determine a sufficient security bond.

Affirmed and remanded with instructions.

MATTINGLY, J., concurs. .

MATHIAS, J., dissents with opinion.

MATHIAS, Judge, dissenting.

I respectfully dissent.

The power to issue an injunction should be used sparingly, and such relief should not be granted except in rare circumstances in which the law and facts are clearly in the moving party's favor. *Northern Indiana Public Service Co. v. Dozier*, 674 N.E.2d 977, 989 (Ind.Ct.App. 1996). Nevertheless, the grant or denial of a preliminary injunction lies within the sound discretion of the trial court. *Jay County Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 692 N.E.2d 905, 908 (Ind.Ct.App.1998), *trans. denied*. We will not interfere with the trial court's exercise of discretion unless it is shown that the trial court's action was arbitrary or constituted a clear abuse of discretion. *Id.*

A party who moves for a preliminary injunction has the burden of establishing four elements (1) its remedies at law are inadequate, thus causing irreparable harm pending the resolution of the substantive action; (2) it has at least a reasonable likelihood of success at trial by establishing a prima facie case; (3) the threatened harm outweighs the threatened harm the grant of an injunction may inflict on the other party; and (4) the public interest would not be disserved by the grant of the preliminary injunction. *Harvest Ins. Agency v. Inter–Ocean Ins. Co.*, 492 N.E.2d 686, 688 (Ind.1986). If the movant fails to prove any one or more of these requirements, the trial court's grant of an injunction is an abuse of discretion. *Union Township School Corp. v. State ex rel.*

*Joyce,* 706 N.E.2d 183, 189 (Ind.Ct.App. 1998), *trans. denied.*

Here, the Barlows contest only the first requirement. They contend that the existence of an adequate legal remedy (a suit for money damages) makes injunctive relief inappropriate in this case. Sipes Body responds that injunctive relief is appropriate because damage to its reputation is at stake and a specific dollar amount of damages cannot be ascertained.

Just six months ago, in an opinion written by the author of the majority opinion in this case, we addressed a nearly identical claim. In *Daugherty v. Allen,* 729 N.E.2d 228 (Ind.Ct.App.2000), a dentist sought a preliminary injunction against a former employee who was allegedly telling others that the dentist (1) observed people use the bathroom through holes in the office walls, (2) attempted to give her a credit card in exchange for her being his mistress, and (3) was having an affair with one of his employees. *Id.* at 231. The trial court entered a preliminary injunction, and we reversed.

In *Daugherty,* we rejected the dentist's argument that the statements by the former employee "irreparably harmed his business and personal reputation, resulting in him sustaining non-quantifiable damages." *Id.* at 234. Rather, we noted that "[w]e have repeatedly allowed plaintiffs to recover damages for injury to their reputation in defamation suits, damages which are not easily quantifiable." *Id.* at 235 (footnote omitted). Because the dentist's damages could be ascertained, we held that he had an adequate remedy at law in

the form of a suit for money damages, and thus injunctive relief was not warranted. *Id.* at 236.[4] The protestations of Sipes Body notwithstanding, its alleged damages are quantifiable economic damages subject to proof through its month-to-month and year-to-year business records. I must respectfully suggest that the majority's reasoning in this case cannot be reconciled with *Daugherty.*

Sipes Body relies largely on two cases in which this court affirmed a grant of injunctive relief. *See McGlothen v. Heritage Environmental Services,* 705 N.E.2d 1069 (Ind.Ct.App.1999); *Norlund v. Faust,* 675 N.E.2d 1142 (Ind.Ct.App.1997), *trans. denied.*[5] The majority seems to believe that these cases are persuasive precedent.

In both *McGlothen* and *Norlund,* we considered the propriety of granting a preliminary injunction to enforce a covenant not to compete. We noted if the plaintiff "could point to a specific dollar amount of losses then a remedy at law would be sufficient." *McGlothen,* 705 N.E.2d at 1074; *Norlund,* 675 N.E.2d at 1149. However, because it would have been "pure speculation to place a dollar amount on the damages," we held that an injunction against the prohibited behavior was "the most efficient way to lift the burden of that harm from the shoulders of the employer who contracted so as not to suffer such harm." *McGlothen,* 705 N.E.2d at 1074; *Norlund,* 675 N.E.2d at 1150.

I believe that *McGlothen* and *Norlund* are distinguishable from the case at bar and from *Daugherty.* Parties such as those

---

**4.** Sipes Body responds that *Daugherty* is distinguishable because (1) the dentist conceded at oral argument that his injury was "purely economic in nature"; (2) the dentist testified at the hearing that he could calculate the decrease in his business and the trial court would be able to set a dollar amount on his damages; and (3) the dentist failed to produce proof that he would suffer *irreparable* economic injury. Brief of Appellee at 6. To the extent that these are differences at all, they are not ones of any consequence to this case. The key, as explained in *Daugherty,* is whether

there exists an adequate remedy at law in which damages can be ascertained. *Id.* at 236.

**5.** Sipes Body also relies on *Felsher v. University of Evansville,* 727 N.E.2d 783 (Ind.Ct. App.2000), but our supreme court granted transfer in that case and thus this court's opinion has been "vacated and held for naught." Ind.Appellate Rule 11(B)(3) (now App.R. 58(A), which provides that upon a grant of transfer the Court of Appeals' opinion is "automatically vacated").

in *McGlothen* and *Norlund* enter into non-compete agreements to contractually set the parameters of acceptable conduct in the event of termination of their business relationship. If the non-compete agreement is violated, the parties themselves have usually contractually agreed that damages are difficult, if not impossible, to determine. The harm to the non-breaching party often occurs quickly with little or no time for a corrective response. For these reasons, injunctive relief is "more practical and efficient" than waiting to pursue a breach of contract action. *See McGlothen,* 705 N.E.2d at 1074; *Norlund,* 675 N.E.2d at 1149.

In the case before us, however, the potential harm is lost business to a body shop. Sipes Body has brought separate claims for intentional interference with a business relationship and for defamation. The resolution of these claims through proof of proximate causation and damages at trial affords an efficient and practical legal remedy to the dispute.

Finally, but not insignificantly, injunctive relief is anything but "practical and efficient" in this case. Prohibiting the Barlows from making any "false, negative or disparaging statements" about Sipes Body will be very difficult to enforce. Presumably, upon request by Sipes Body, the trial court will need to hold a contempt hearing every time a potential Sipes Body client says the Barlows uttered an unfavorable word about Sipes Body or the work it does. I believe this situation is better addressed by a trial on the merits at which Sipes Body can prove its allegations and damages.

While the Barlows' First Amendment claims are significant, I believe that reversal is called for under state law. I would therefore not reach the First Amendment discussion on the merits.

For all of these reasons, I respectfully dissent and would reverse the trial court.