


FILED

Nov 04 2025, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Constance Samplawski,

*Appellant-Defendant*

v.

Anchor Land Management, LLC,

*Appellee-Plaintiff*

---

November 4, 2025

Court of Appeals Case No.
25A-PL-1210

Appeal from the Porter Superior Court

The Honorable Rebecca Buitendorp, Judge

Trial Court Cause No.
64D05-2504-PL-3996

---

**Opinion by Judge May**
Judges Mathias and Bradford concur.

**May, Judge.**

Constance Samplawski appeals the trial court's order granting Anchor Land Management, LLC, ("Anchor") a preliminary injunction that prohibits Samplawski from blocking Anchor's use of an easement over her property. Samplawski presents one issue for our review, which we revise and restate as whether the trial court abused its discretion when it concluded Anchor established a reasonable likelihood of success at trial and granted the preliminary injunction. We affirm.

# Facts and Procedural History

[2] This case involves four pieces of property as depicted in the image below:



DEFENDANT'S PARCELS
64-06-06-427-001.000-016
64-06-05-152-001.000-022

PLAINTIFF'S PARCEL
64-06-06-427-004.000-016

STEEL CITIES STEEL, INC.
64-06-05-301-001.000-024

(Appellant's App. Vol. 2 at 32.)

[3] The first parcel is 6982 Melton Road in Porter County, Indiana (depicted as "PLANTIFF'S PARCEL" in the diagram above) which is the "Servient

Estate." The second parcel is 6990 Melton Road, the landlocked property directly north of the Servient Estate (depicted as the green outlined portion of "DEFENDANT'S PARCELS" in the diagram above) which is the "Dominant Estate." The third parcel is 397 Melton Road which lies directly east of both of those properties and is the "Steel Cities Estate." Finally, north of the Steel Cities Estate and meeting the Dominant Estate at its northeast corner, is 1172 Salt Lake Road (the "Salt Creek Property"), which together with the Dominant Estate comprise "Defendant's Parcels."

[4]     Samplawski owns the Servient Estate, but prior to Samplawski obtaining ownership of the Servient Estate, the owner of the Servient Estate granted an easement to the owner of the Dominant Estate. The document granting the easement provided the easement "shall run with the land and continue so long as it may be necessary and required for ingress and egress to and from [the Dominant Estate] after which it will cease and com[e to] an end." (Appellant's App. Vol. 2 at 18.)

[5]     At some point, Greater NW Investments, Inc. ("GNWI") obtained ownership of Defendant's Parcels. Steel Cities Steel, Inc. ("Steel Cities") owns the Steel Cities Estate, and in July 2021, Steel Cities sued GNWI under Cause Number 64D02-2107-PL-006125 ("Cause 6125"). In its complaint, Steel Cities asserted GNWI continually trespassed by cutting across the northwest corner of the Steel Cities Estate to travel between Defendant's Parcels. Steel Cities also asserted GNWI had removed trees, shrubs, and foliage from the Steel Cities Estate without authorization and deposited trash on the property. GNWI

counterclaimed arguing it had a prescriptive easement to travel over the Steel Cities Estate. Before these proceedings were resolved, Anchor purchased Defendant's Parcels from GNWI, but Steel Cities never substituted Anchor for GNWI in Cause 6125. After Anchor's purchase of Defendant's Parcels, representatives from Anchor and Steel Cities met several times. Anchor promised to be a "good neighbor," (Tr. Vol. 2 at 26), and Steel Cities allowed Anchor to use the northwest corner of the Steel Cities Estate to travel between Defendant's Parcels. On December 13, 2023, GNWI and Steel Cities filed a joint stipulation of dismissal in Cause 6125, and the trial court dismissed Cause 6125 with prejudice.

[6] On April 11, 2025, Samplawski filed suit against Anchor alleging the easement was no longer valid because "[t]he dominant estate for which the easement of necessity burdening Plaintiff's Property was created is no longer land-locked." (Appellant's App. Vol. 2 at 14.) Samplawski sought a declaratory judgment vacating the easement across the Servient Estate, an injunction prohibiting Anchor from continuing to use the easement, and money damages. On April 27, 2025, Anchor filed a verified motion requesting a temporary restraining order and a preliminary injunction hearing. The motion asserted Samplawski "erected barricades with bricks, hazard tape, and garbage receptacles" to block Anchor's use of the easement. (*Id.* at 23.) Anchor asserted it had "no other legal access to the Dominant Estate, but for the Easement." (*Id.*) It asked the trial court to prohibit Samplawski from blocking Anchor's use of the easement. Samplawski opposed the request for a temporary restraining order. She argued

Anchor "and all of its tenants, can ingress and egress from the 'Dominant Estate', [sic] to Salt Creek Road, and the easement has expired, as there is no longer a need to ingress and egress from Melton Road, as Salt Creek Road provides alternative ingress and egress." (*Id*. at 36.)

[7] On May 1, 2025, the trial court granted Anchor's request for a temporary restraining order and set a hearing on Anchor's request for a preliminary injunction to occur on May 9, 2025. At the preliminary injunction hearing, Samplawski argued the easement expired because Anchor has "an alternate ingress and egress" from the Dominant Estate. (Tr. Vol. 2 at 6.) She asserted individuals could travel to and from the Dominant Estate by going over the Steel Cities Estate to travel between the Dominant Estate and the Salt Creek Property. Samplawski argued Steel Cities "dismissed a lawsuit alleging that the gate and gravel road was a trespass with prejudice. No one can ever claim that to be a trespass ever again. The lawsuit has been dismissed with prejudice." (*Id*. at 5.) James Snyder, a representative of Anchor, testified that Anchor's ability to travel over the Steel Cities Estate was solely because of the "good graces of Steel Cities" and not permanent. (*Id*. at 27.) He explained Anchor did not have an easement over the Steel Cities Estate and that Anchor "didn't purchase any access" over the Steel Cities Estate. (*Id*. at 37.). Snyder stated Anchor still required use of the easement over the Servient Estate for ingress and egress from the Dominant Estate.

[8] On May 16, 2025, the trial court issued an order granting Anchor's request for a preliminary injunction. The trial court found:

11. There is no easement to access [the Dominant Estate], other than the easement on the Plaintiff's property.

* * * * *

15. The Plaintiff asserts that because [Steel Cities] claimed trespass by Greater NW Investments, Inc. onto their property and then dismissed that claim with prejudice, Steel Cities Steel and Marianne Vangle[1] are now forever precluded from claiming trespass upon their parcel.

16. The Court finds this argument is without merit.

* * * * *

20. Presently, Steel Cities Steel and Marianne Vangle had the right to deny Greater NW Investments, Inc. presence and/or use of their land. Upon the sale of the property located at 1172 Salt Creek Road, Steel Cities Steel and Marianne Vangle were well within their right to abandon claim of trespass against Greater NW Investments, Inc. as Greater NW Investments, Inc. would no longer remain on the property located at 1172 Salt Creek Road.

21. The Plaintiff encourages the court to find the abandonment of the lawsuit by Steel Cities Steel and Marianne Vangle against Greater NW Investments, Inc.'s encroachment and unauthorized use of Steel Cities Steel and Mariane Vangle's property has

---

[1] Marianne Vangel is a trustee of a trust with an ownership interest in Steel Cities.

precluded Steel Cities Steel and Marianne Vangle from ever claiming trespass again.

22. Such a finding would strip a property owner of their inherent rights as owner to consent or deny access and use of their property, and the court declines to accept this interpretation of the consequences to abandoning a lawsuit against Greater NW Investments, Inc.

* * * * *

25. Presently, no permissive use by Anchor Land Management has been shown to have ripened into title. Furthermore, permissive use has not been defined or delineated by either Anchor Land Management or Steel Cities Steel and Marianne Vangle leaving Anchor Land Management without recourse regarding use of Steel Cities Steel and Marianne Vangle property.

26. Therefore, the Court finds the easement on the Plaintiff's property remains necessary.

27. The Court GRANTS the Defendant's Motion for Injunctive Relief, and ORDERS the Plaintiff to refrain from blockading access to the easement for use at 6990 Melton Road and to refrain from interference of use by those accessing 6990 Melton Road.

(Appellant's App. Vol. 2 at 9-10) (emphases in original) (footnote added).

## Discussion and Decision

Samplawski challenges the trial court's order granting Anchor's motion for a preliminary injunction preventing Samplawski from blocking Anchor's use of

the easement. "The grant or denial of a preliminary injunction rests in the sound discretion of the trial court, and thus we limit our review to whether there was an abuse of that discretion." *Perry Cnty. v. Huck*, 263 N.E.3d 138, 141 (Ind. 2025). "When determining whether or not to grant a preliminary injunction, the trial court is required to make special findings of fact and state its conclusions thereon." *Barlow v. Sipes*, 744 N.E.2d 1, 5 (Ind. Ct. App. 2001), *trans. denied*. To determine whether an abuse of discretion occurred, we consider whether the evidence supports the trial court's findings and whether the findings support the judgment. *Perry Cnty.*, 263 N.E.3d at 141. "We will reverse the trial court's judgment only when it is clearly erroneous, and a judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made." *Id.* The party seeking a preliminary injunction must meet a high burden. *Id.*

> In order to obtain a preliminary injunction, the moving party must show by a preponderance of the evidence that (1) it has a reasonable likelihood of success at trial, (2) its remedies at law are inadequate and it is at risk of irreparable harm unless an injunction is issued, (3) its threatened injury outweighs the potential harm of granting the injunction, and (4) the public interest would not be disserved.

*Id.* A trial court does not abuse its discretion in denying a motion for a preliminary injunction if the moving party has not satisfied all four of the requirements. *Id.*

Samplawski argues the trial court erred when it found Anchor satisfied the requirement of a reasonable likelihood of success at trial. She asserts res judicata bars Steel Cities from prohibiting Anchor from trespassing over its property, and therefore, the easement over her property has expired because an alternative means of ingress and egress from the Dominant Estate exists. "Generally speaking, res judicata operates 'to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies.'" *Matter of Eq. W.*, 124 N.E.3d 1201, 1208 (Ind. 2019) (quoting *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013)). Res judicata is separated into two branches, claim preclusion and issue preclusion. *Id.* at 1209. Claim preclusion bars "a successive lawsuit when 'a particular issue is adjudicated and then put in issue in a subsequent suit on a different cause of action between the same parties or their privies.'" *Id.* (quoting *Ind. Alcohol & Tobacco Comm'n v. Spirited Sales*, 79 N.E.3d 371, 381 (Ind. 2017)). The party asserting claim preclusion must satisfy four elements for the claim to be successful:

> (1) The former judgment must have been rendered by a court of competent jurisdiction;

> (2) The former judgment must have been rendered on the merits;

> (3) The matter now in issue was or might have been determined in the former suit; and

> (4) The controversy adjudicated in the former suit must have been between the parties to the present action or their privies.

*Id.* "'[A] 'privy is one who after rendition of [a] judgment has acquired an interest in the subject matter affected by the judgment,' or 'whose interests are represented by a party to the action.'" *Becker*, 992 N.E.2d at 700-701 (quoting *MicroVote Gen. Corp. v. Ind. Election Comm'n*, 924 N.E.2d 184, 196 (Ind. Ct. App. 2010)) (brackets in *Becker*).

[11] Samplawski contends:

> Anchor, and by default the trial court, ignore the fact that claim preclusion applies a) to both parties **and privies** to a lawsuit, and b) to claims which were, or could have been, litigated *including whether Anchor was now trespassing, instead of Greater NW Investments, LLC.* . . . By agreeing to dismiss the suit against Anchor's privy, Marianne Vangel, as Trustee *and* Steel Cities Steels can never sue Anchor for trespassing[.]

(Appellant's Br. at 11) (emphases in original.)

[12] However, the dismissal of a complaint against one party alleging a cause of action does not prohibit a subsequent lawsuit against the same party alleging the same cause of action premised on different acts. In *Mounts v. Evansville Redevelopment Commission*, the Evansville Redevelopment Commission ("ERC") adopted a resolution in 2002 adding properties to an acquisition list of blighted properties as part of the ERC's plan to redevelop downtown Evansville. 831 N.E.2d 784, 786 (Ind. Ct. App. 2005), *trans. denied*. The owners of several properties on the acquisition list filed suit against the ERC. *Id.* The ERC and the property owners then reached an agreement resulting in the removal of the properties from the acquisition list, and the parties filed a stipulation of

dismissal with prejudice dismissing the property owners' suit against the ERC. *Id.* at 786-87. In 2004, the ERC adopted another resolution adding some of the property owners' properties to the acquisition list. *Id.* at 787. The property owners argued the stipulation of dismissal filed in the 2002 lawsuit barred the ERC from adding their properties to the acquisition list in 2004. *Id.* at 790. The trial court rejected that argument, and we affirmed. *Id.* at 790-91. We explained:

> In Indiana, it is well settled that a dismissal with prejudice is a dismissal on the merits, and as such, it is conclusive of the rights of the parties and res judicata as to the questions that might have been litigated. However, the 2002 dismissal was effectuated before any claims were litigated. We do not believe that such a voluntary dismissal of claims, filed before any questions were litigated, would bar either party from bringing suit on a new ERC resolution passed two years later, even if it were pertaining to the same subject matter. In two years, changed circumstances are certain and prohibiting subsequent action by the ERC regarding the same properties would be unreasonable.

*Id.* at 791 (internal citation omitted).

[13] Likewise, the stipulation of dismissal in Cause 6125 was filed before any issues were litigated. While the stipulation of dismissal with prejudice prohibits Steel Cities from suing for acts of trespass that occurred prior to its filing of Cause 6125, there is nothing preventing Steel Cities from suing for subsequent acts of trespass. No judicial decree was entered establishing Anchor's right to use the Steel Cities Estate to travel between the Defendant's Parcels. Anchor's ability to do so is at the discretion of Steel Cities and can be revoked at any time. As

the trial court concluded, a stipulation of dismissal in a suit alleging trespass does not "strip a property owner of their inherent rights as owner to consent or deny access and use of their property[.]" (Appellant's App. Vol. 2 at 10.) Thus, Samplawski's argument that an alternative means of ingress or egress from the Dominant Estate exists fails because res judicata does not prevent Steel Cities from prohibiting Anchor from traveling over the Steel Cities Estate when going between the Defendant's Parcels. Therefore, we affirm the trial court.[2]

## Conclusion

[14] The trial court did not abuse its discretion when it concluded Anchor established a reasonable likelihood of success on the merits and entered a preliminary injunction prohibiting Samplawski from blocking Anchor's use of the easement from the Dominant Estate over the Servient Estate. While Steel Cities currently allows Anchor to travel over the Steel Cities Estate to go between Defendant's Parcels, Anchor does not have a legal right to do so and

---

[2] On July 18, 2025, Samplawski filed a motion seeking an award of appellate attorney fees pursuant to Indiana Rule of Appellate Procedure 66(E), which states we "may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith." On July 29, 2025, Anchor filed its response to Samplawski's motion for attorney fees and moved for an award of attorney fees for having to respond to Samplawski's motion for attorney fees. On August 4, 2025, Samplawski filed a motion for leave to submit a reply in support of its motion for attorney fees and attached its proposed reply to its motion. On August 13, 2025, Anchor filed a motion requesting that we take judicial notice of a grievance Samplawski's counsel filed with the Indiana Supreme Court Disciplinary Commission asserting Anchor counsel's argument on appeal was so frivolous it violated the Indiana Rules of Professional Conduct and the letter from the Indiana Supreme Court Disciplinary Commission dismissing the grievance.

As Anchor made the prevailing argument, we deny Samplawski's request for attorney fees. Likewise, we deny Anchor's request for attorney fees. We also deny as moot Samplawski's motion for leave to submit a reply in support of her motion for attorney fees. In addition, we deny Anchor's motion to take judicial notice. While we reviewed the supplemental information submitted with the motion, it was not necessary for our decision.

requires use of the easement over the Servient Estate. Accordingly, we affirm the trial court.

[15] Affirmed.

Mathias, J., and Bradford, J., concur.

ATTORNEY FOR APPELLANT

Patrick B. McEuen
McEuen Law Office
Portage, Indiana

ATTORNEY FOR APPELLEE

Daniel W. Blankenburg
Blankenburg Law, LLC
Merrillville, Indiana